STATE OF KANSAS, *Appellee*, v. PHILLIP FLOYD CARMICHAEL, *Appellant.*

Nos. 64,806 and 64,807

STATE OF KANSAS, *Appellee*, v. WILLIAM N. LOVELACE and LEONARD H. MILLS, *Appellants.*

(801 P.2d 1315)

Opinion filed December 7, 1990.

*Stephen W. Kessler,* of Topeka, argued the cause and was on the briefs for appellants.

*Thomas J. Robinson,* assistant district attorney, argued the cause and *Robert T. Stephan,* attorney general, and *Nola Foulston,* district attorney, were with him on the briefs for appellees.

The opinion of the court was delivered by

HOLMES, C.J.: William N. Lovelace, Leonard H. Mills, and

Phillip Floyd Carmichael appeal, in these consolidated cases, from orders of the Sedgwick County District Court which denied their individual motions to have their sentences of life imprisonment changed to a specific term of years. We affirm.

On September 27, 1985, a jury found Carmichael guilty of one count of aggravated kidnapping (K.S.A. 21-3421) and two counts of rape (K.S.A. 21-3502). Carmichael was sentenced to consecutive terms of life imprisonment on the aggravated kidnapping conviction and 30 years to life imprisonment on each rape conviction. The sentences imposed reflected invocation of the Habitual Criminal Act (K.S.A. 1985 Supp. 21-4504) and mandatory minimum sentencing because a firearm was used in committing the crimes (K.S.A. 21-4618). Additional facts of the case may be found in Carmichael's direct appeal to this court where his convictions were affirmed. *State v. Carmichael*, 240 Kan. 149, 727 P.2d 918 (1986).

On July 6, 1984, Mills pled guilty to two counts of aggravated criminal sodomy (K.S.A. 21-3506) and was sentenced the following day to concurrent terms of 10 years to life imprisonment. The trial court denied Mills' subsequent motion to modify his sentence on June 12, 1985.

On January 18, 1979, a jury found Lovelace guilty of aggravated sodomy (K.S.A. 21-3506) and indecent liberties with a child (K.S.A. 21-3503). On February 6, 1979, after granting the State's motion to invoke the Habitual Criminal Act, Lovelace was sentenced to concurrent terms of 45 years to life imprisonment on the aggravated sodomy conviction and 15 years to life imprisonment on the indecent liberties conviction. The facts of the case may be found in Lovelace's direct appeal to this court where we affirmed his convictions and additionally held that the trial court did not abuse its discretion in imposing the sentences; Lovelace had claimed the sentences were too severe. *State v. Lovelace*, 227 Kan. 348, 607 P.2d 49 (1980).

All three defendants filed pro se post-conviction motions in which they challenged their sentences of life imprisonment. On August 4, 1989, defendants Carmichael and Lovelace filed nearly identical motions titled "Motion to Modify (Pursuant to K.S.A. 21-4603)." On August 18, 1989, defendant Mills filed a motion titled "Motion to Fix A Maximum Term of Confinement."

The defendants asserted similar, if not identical, reasons why their sentences should be changed. All three contend that K.S.A. 21-4603(2) requires the court to fix a maximum term of confinement and then argue that "term of confinement" means a specific number of years. Next, all three allege that K.S.A. 1989 Supp. 22-3725, the good time credits statute, mandates that they receive good time credits and the only way that can be done is for the court to fix a specific term of years to which the credits could be applied rather than the life sentences which were imposed. In effect, they contend that K.S.A. 1989 Supp. 22-3725 amends K.S.A. 21-4603 and requires a specific term of years. Carmichael and Lovelace also assert poor health as a reason why the court should change their sentences.

Additionally, all three defendants assert that the trial court should have considered their motions pursuant to K.S.A. 60-1507 and appointed counsel and held a hearing on the motions. In their motions, the defendants had each asked for appointment of counsel pursuant to Supreme Court Rule 183(i) (1990 Kan. Ct. R. Annot. 126).

Sedgwick County District Court Judge Paul Buchanan denied Carmichael's motion on August 24, 1989. Judge Paul Clark denied the motions of Mills and Lovelace on August 23, 1989.

The first issue is whether the trial court committed error in failing to change the defendants' life sentences to a specific term of years. Two arguments are asserted, the first being that K.S.A. 21-4603(2) requires the court to sentence the defendants to a specific term of years. The statute provides in pertinent part:

"(2) Whenever any person has been found guilty of a crime, the court may adjudge any of the following:

"(a) Commit the defendant to the custody of the secretary of corrections or, if confinement is for a term less than one year, to jail for the term provided by law;

. . . .

"*The court in committing a defendant to the custody of the secretary of corrections shall fix a maximum term of confinement within the limits provided by law. In those cases where the law does not fix a maximum term of confinement for the crime for which the defendant was convicted, the court shall fix the maximum term of confinement. In all cases where the defendant is committed to the custody of the secretary of corrections, the court shall fix the minimum term within the limits provided by law.*" (Emphasis added.)

In asserting that K.S.A. 21-4603(2) requires the court to impose a "maximum term" of specific years, the defendants have totally ignored K.S.A. 21-4501, which provides in part:

"**21-4501. Classes of felonies and terms of imprisonment.** For the purpose of sentencing, the following classes of felonies and *terms of imprisonment* authorized for each class are established:

(a) Class A, the sentence for which shall be imprisonment for life.

(b) Class B, the sentence for which shall be an indeterminate term of imprisonment, the minimum of which shall be fixed by the court at not less than five years nor more than 15 years and the maximum of which shall be fixed by the court at not less than 20 years nor more than life." (Emphasis added.)

When the two statutes are read together, it is clear that the only term of confinement authorized by statute for a Class A felony is life imprisonment and that the maximum term of confinement for a Class B felony may be life imprisonment. Therefore, these cases do not fall within the purview of "those cases where the law does not fix a maximum term of confinement" under K.S.A. 21-4603(2), but fall clearly within the purview of K.S.A. 21-4501. The first sentence of K.S.A. 21-4603(2) clearly requires the trial court to fix a maximum term "within the limits provided by law." K.S.A. 21-4501 establishes those maximum limits for Class A and Class B felonies as life imprisonment. If this court were to say that 21-4603(2) requires the trial court to change the statutory term of life imprisonment to a specific number of years, we would be violating the clear legislative directive of the same statute that requires the trial court to set the term within the limits provided by law, which include life imprisonment. This we cannot do.

The defendants next argue that K.S.A. 1989 Supp. 22-3725 entitles them to a sentence of a specific number of years so they may receive good time credits to reduce the term of years. The statute provides:

"**22-3725. Good time credits.** (a) For the purpose of determining an inmate's eligibility for parole or conditional release, regardless of when the inmate was sentenced or committed the crime for which sentenced, good time credits shall be allocated as follows:

[The statute then sets forth a table covering sentences of 1 to 100 years and specifying the amount of good time credits which may be earned and, if earned, the length of the sentence which must be served.]

(b) Maximum good time credits for sentences of less than two years shall be computed as follows: One day for every two days served and one month for every year served.

(c) Maximum good time credits for sentences two years or greater shall be computed as follows: One-half of the sentence.

(d) Good time credits shall be awarded on an earned basis pursuant to rules and regulations adopted by the secretary of corrections."

Defendants state in their briefs:

"It is clear that good time credits reducing a sentence by a specific number of days, months, or years, cannot be subtracted from a life sentence. There must be a specific term of years to which the good time credits may be applied.

". . . It is [defendants] contention that the amendments made by [K.S.A. 1989 Supp. 22-3725] entitle them to such credits and that in order to receive them, their maximum sentence must be changed from life to a specific term of years."

The defendants' arguments are directed to the wrong forum. Absent from K.S.A. 1989 Supp. 22-3725(a) is any reference to a sentence of life imprisonment. This omission, however, does not require or authorize the court to substitute a sentence of a term of years for one of life imprisonment, and no other subsection of the statute implies such a requirement or authority. If the legislature had intended for good time credits to be applicable to life sentences, it could have said so and directed the method thereof. Not having done so, the courts cannot amend or change the statutes to provide that which the legislature has denied. The defendants' arguments in support of their contention that their sentences should be changed to a specific term of years are wholly without merit.

The defendants' next issue is that the trial court should have considered their motions as motions pursuant to K.S.A. 60-1507, appointed counsel to represent them, and had a hearing on the motions. It appears to be the contention of the defendants that their sentences were in excess of the maximum allowed by law, and therefore the motions should have been considered under K.S.A. 60-1507 rather than as motions to modify pursuant to K.S.A. 21-4603. This argument also lacks merit.

K.S.A. 60-1507 provides:

"(a) *Motion attacking sentences.* A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the

ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jursidiction to impose such sentence, *or that the sentence was in excess of the maximum authorized by law*, or is otherwise subject to collateral attack, may at any time move the court which imposed the sentence to vacate, set aside or correct the sentence.

"(b) *Hearing and judgment.* Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the county attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." (Emphasis added.)

K.S.A. 22-4506 provides for the appointment of counsel for indigent defendants in proceedings attacking sentence under K.S.A. 60-1507 and requires the court to "make a preliminary examination of the petition or motion and the supporting papers," and only if the court finds that the petition or motion presents substantial questions of law or triable issues of fact is the court required to appoint counsel. Assuming that the trial court did not consider these motions under K.S.A. 60-1507, which is not clearly supported by the record, the defendants' arguments still lack merit.

Even when the motions herein are considered under K.S.A. 60-1507, the sentences imposed were clearly within the provisions of the sentencing statutes and were not subject to attack upon the grounds asserted by the defendants. The record, pleadings, and motions conclusively show the defendants were not entitled to the relief requested, and no error has been shown.

The judgments are affirmed.