(830 P.2d 64)
No. 66,359

STATE OF KANSAS, *Appellee*, v. MIGUEL a/k/a MIKE ALEMAN, *Appellant*.

Petition for review denied June 3, 1992.

Opinion filed April 10, 1992.

*J. Patrick Lawless, Jr.*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Tamara S. Hicks*, assistant county attorney, *Ricklin R. Pierce*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, C.J., BRAZIL, J., and TERRY L. BULLOCK, District Judge, assigned.

BRISCOE, C.J.: Defendant Miguel Aleman appeals the sentence imposed following his nolo contendere plea to possession of cocaine (K.S.A. 1991 Supp. 65-4127a). Aleman contends the court improperly applied K.S.A. 1991 Supp. 21-4608(3) to conclude that a consecutive sentence was mandatory. He argues the court should have relied upon K.S.A. 1991 Supp. 21-4608(8), which gives the court discretion to impose either a consecutive or a concurrent sentence. Aleman seeks remand to the district court for resentencing.

Aleman also appeals from the denial of his post-conviction motion filed pursuant to K.S.A. 60-1507. In his motion, he alleged there was insufficient evidence to support his plea and also made indirect allegations concerning the adequacy of his counsel. On this issue, Aleman seeks reversal of the denial of his 60-1507 motion and remand to the district court for appointment of counsel and an evidentiary hearing.

Aleman was on probation from a deferred sentence for aggravated assault with a deadly weapon in Wyoming when he committed the crime alleged in the present case. The district court sentenced Aleman to 3 to 10 years' imprisonment on the present charge and ordered the sentence to run consecutively to any sentence that was imposed or reimposed by the state of Wyoming. The court stated it was imposing a consecutive sentence because the present offense was committed while Aleman was on parole, probation, or deferred sentence from the state of Wyoming and, as a result, a consecutive sentence was *mandated* by 21-4608.

Approximately three months after sentencing, Aleman filed a 60-1507 motion alleging he was being held in custody unlawfully because of insufficient evidence. He also alleged he had been inadequately represented by his trial counsel. The district court summarily denied the motion by stating that the record amply supported the conviction and that Aleman had failed to assert grounds and supporting information sufficient to grant his requested relief.

While this appeal was pending, Aleman was paroled from his Kansas sentence and returned to Wyoming on a detainer. Therefore, before reaching the merits of the issues presented, we must first determine whether his subsequent release on parole renders

this appeal moot. An appellate court will not render opinions in appeals which present moot issues or where the judgment could have no practical effect on a then-existing controversy. *State v. Zirkle*, 15 Kan. App. 2d 674, 676, 814 P.2d 452 (1991).

Were Aleman to prevail on the issues raised in this appeal, the result could be an order allowing the withdrawal of his plea and/or the imposition of a concurrent rather than a consecutive sentence. These events would directly affect either Aleman's conviction of possession of cocaine or the length of sentence Aleman would serve if his parole were revoked. Therefore, Aleman's release on parole does not render this appeal moot. See *Zirkle*, 15 Kan. App. 2d at 677.

## Mandatory Consecutive Sentence

It is undisputed that Aleman was on probation from a felony conviction in the state of Wyoming at the time he committed the present crime in Kansas. K.S.A. 1991 Supp. 21-4608(3) provides:

"Any person who is convicted and sentenced for a crime committed while on probation, assigned to a community correctional services program, on parole or on conditional release for a felony shall serve the sentence consecutively to the term or terms under which the person was on probation, assigned to a community correctional services program or on parole or conditional release."

Aleman contends 21-4608(8) applies and affords the sentencing court discretion as to whether to impose consecutive or concurrent terms:

"(8) When a defendant is sentenced in a state court and is also under sentence from a federal court or other state court or is subject to sentence in a federal court or other state court for an offense committed prior to the defendant's sentence in a Kansas state court, the court may direct that custody of the defendant may be relinquished to federal or other state authorities and that such state sentences as are imposed may run concurrently with any federal or other state sentence imposed."

As regards the decision to sentence Aleman to a consecutive sentence, the court ordered that the sentence in the present case "run consecutively pursuant to K.S.A. 21-4608 to any sentence which may be imposed or reimposed by the state of Wyoming since this offense was committed while on parole, probation or

deferred sentence from the state of Wyoming." The court explained the sentence by saying:

"I could have sentenced you to a minimum of five years and a maximum of 20 years. I chose to sentence you to the minimum-minimum of three and a minimum-maximum of 10 as provided by our statutes on the basis that I have had to invoke 21-4608 as mandated by our legislature."

From these statements, it is clear the court believed it had no discretion to impose a concurrent sentence which would allow Aleman to serve his present sentence concurrently with any sentence that may be imposed or reimposed by Wyoming for violation of probation.

The State argues the court did not err in applying 21-4608(3), which mandates imposition of a consecutive sentence for a crime committed while on probation. Further, the State argues 21-4608(8) does not apply to Aleman because he was not "under sentence" or "subject to sentence" in Wyoming. While the State admits Aleman was on probation for a Wyoming conviction, it argues that, absent some "adjudicatory action" to revoke Aleman's probation, he is not "under sentence" or "subject to sentence" as required by 21-4608(8). Aleman relies upon *Zirkle* to argue "under sentence" or "subject to sentence" clearly encompasses parole and probation.

K.S.A. 1991 Supp. 21-4608(3) governs sentencing of those who commit crimes while on probation and mandates that new sentences be served consecutively to terms for which persons are on probation. K.S.A. 1991 Supp. 21-4608(8) governs sentencing of those "under sentence" or "subject to sentence" in other jurisdictions and allows the court to use its discretion in determining whether sentences should be served consecutively or concurrently with sentences ordered in other jurisdictions. There is a potential conflict in the statutes because a person on probation in another jurisdiction is arguably also "under sentence" in that jurisdiction. When such a person is sentenced in Kansas for a crime committed while on probation from a sentence in another jurisdiction, as Aleman is in this case, both statutes arguably apply.

The rules of statutory construction are well known to this court. "When a penal statute is questioned, the court is required to strictly construe the act in favor of the accused." *State v. Magness*, 240 Kan. 719, 721, 732 P.2d 747 (1987). "The rule of strict

construction concerning penal statutes is subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate legislative design and the true intent of the legislature." *State v. Carmichael,* 240 Kan. 149, 159, 727 P.2d 918 (1986), *aff'd on other grounds* 247 Kan. 619, 801 P.2d 1315 (1990). "When construing a statute, a court should give words in common usage their natural and ordinary meaning." *Hill v. Hill,* 13 Kan. App. 2d 107, 108, 763 P.2d 640 (1988).

" 'When there is a conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific statute controls unless it appears that the legislature intended to make the general act controlling. [Citations omitted.]' " *State v. Wilcox,* 245 Kan. 76, 78, 775 P.2d 177 (1989) (quoting *In re K.J.,* 12 Kan. App. 2d 188, 189, 737 P.2d 874 [1987]).

There is a conflict between 21-4608(3) and 21-4608(8) only if we conclude persons who are on probation can also fall within the definition of those persons who are "under sentence" and "subject to sentence." Probation is defined in K.S.A. 1991 Supp. 21-4602(3):

" 'Probation' means a procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the court after imposition of sentence, without imprisonment except as provided in felony cases, subject to conditions imposed by the court and subject to the supervision of the probation service of the court. In felony cases, the court may include confinement in a county jail not to exceed 60 days, which need not be served consecutively, as a condition of probation."

A reading of this statute leads to the conclusion that probation is not a sentence; rather, it is a procedure followed *after sentence is imposed.* Probation is one way a person can serve the sentence imposed. Thus, using the common definitions of the words in the statutes, a person on probation is also "under sentence." Given this conclusion, there is a conflict between the statutes.

We next must determine the meaning of "under sentence" and "subject to sentence" as this language is used in 21-4608(8). First, we have already concluded a person on probation is "under sentence." Second, it is common for persons charged with crimes in two jurisdictions to be tried and sentenced in one jurisdiction and then transferred to the second jurisdiction to be tried and sentenced if convicted. In those cases, when the person is sen-

tenced in the second jurisdiction, that person is clearly "under sentence" in the first jurisdiction. Third, in *Zirkle*, 15 Kan. App. 2d at 676-77, this court held that a person on parole is still governed by the sentence imposed. Although the interpretation of 21-4608(8) was not at issue or addressed in *Zirkle*, the import of our holding in *Zirkle* was that a person on parole is still "under sentence."

Since the phrases "under sentence" and "subject to sentence" as used in 21-4608(8) can apply in at least three different situations, we must conclude this statute is a general statute governing the various situations when a person convicted of a crime in Kansas is "under sentence" or "subject to sentence" in another jurisdiction. In contrast, 21-4608(3) applies only to those persons who are convicted of committing crimes while on probation or parole. Therefore, 21-4608(3) governs a specific aspect of the situations generally governed by 21-4608(8).

The final question is whether the legislature intended the general statute to govern the specific. We find no basis for such a conclusion. Since 21-4608(8) leaves determinations about consecutive or concurrent sentences to the district court's discretion and 21-4608(3) mandates consecutive sentences, it would appear the legislature intended the specific statute to govern when persons commit crimes while on probation or parole. That position is reasonable, logical, and consistent with traditional rules of statutory construction and makes sense in light of the legislature's intent as gleaned by reading the statutes at issue.

Probation from serving a sentence is an act of grace by the sentencing judge and is granted as a privilege, not as a matter of right. *State v. Walbridge*, 248 Kan. 65, 68, 805 P.2d 15 (1991). Likewise, parole is a privilege, not a constitutional right, and mere eligibility for parole does not entitle the prisoner to parole at the end of a minimum term. *Parker v. State*, 247 Kan. 214, 217, 795 P.2d 68 (1990). When reviewing the language of both 21-4608(3) and 21-4608(8), we see an intent expressed by the legislature to punish more severely those persons who commit additional crimes while enjoying the privilege of conditional release on probation or parole.

Aleman argues that 21-4608(3) applies only to persons who commit crimes in Kansas while on probation or parole from a

Kansas court or paroling authority. If we were to adopt the rationale suggested by Aleman, persons who commit additional crimes in the state of Kansas while on probation or parole from a Kansas conviction would suffer more severe consequences than their counterparts who have been released on probation or parole in other states. It is more logical to conclude that in adopting this provision the legislature intended to treat all persons coming before Kansas courts the same and, further, to address in a more severe way those persons who commit crimes in Kansas while on parole or probation regardless of the location of the releasing authority. The district court did not err in concluding 21-4608(3) controls in this case and that a consecutive sentence is mandated.

### Denial of K.S.A. 60-1507 Motion

Finally, we address whether the district court erred in denying Aleman's 60-1507 petition. The only question directly raised in the motion is whether there was sufficient evidence to support his nolo contendere plea. Aleman did not directly assert ineffective assistance of counsel as a ground for overturning his conviction. However, in answer to the question on the form as to whether the motion is based upon inadequate representation, Aleman responded: "Didn't bring up all the facts about them not having no fingerprints, no mark money, no recording and no cocaine in my possession when searching my premises or me." This statement could be interpreted to mean that Aleman felt his counsel did not sufficiently inform him of the lack of evidence against him. The district court addressed this issue and concluded "the record amply supports the conviction." The court also commented that "the transcript of said arraignment and plea reflects the petitioner was fully apprised of his Constitutional rights and the nature and penalty of the allegations against him."

Aleman claims his counsel failed to inform him of the lack of evidence against him and, therefore, his plea was not entered knowingly. The parties agree that, to set aside a guilty plea because ineffective assistance of counsel has rendered the plea involuntary, Aleman must show that counsel's performance fell below the standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the re-

sults of the proceedings would have been different. *Hill v. Lockhart*, 474 U.S. 52, 57, 88 L. Ed. 2d 203, 106 S. Ct. 366 (1985).

The record of the preliminary examination reveals that Aleman was present with his attorney. On cross-examination of the officer by defense counsel, the following occurred:

"Q. The hundred-dollar bill that you say you gave to Mike, do you know its serial number or did you make any identifying marks on it?
"A. No, I did not.
"Q. Okay. Do you know where that money is today?
"A. No, sir, I do not.
"Q. Any of the conversations that you had allegedly with Mike as to the formation of this purchase contract, were they recorded?
"A. No, sir, they were not.
"Q. Were there any other witnesses to the transaction?
"A. No, sir, there was not.
. . . .
"Q. Was there any attempt to secure any fingerprints off of that package?
"Q. No, sir."

Aleman's presence during this proceeding gave him the opportunity to hear what evidence the State had against him on the charge of possession of cocaine. When Aleman heard the testimony of the officer, he was put on notice of the evidence against him.

Aleman has failed to prove his counsel's conduct fell below the objective standard required in *Hill*. He has also failed to prove the second prong of prejudice which is required in *Hill*.

Affirmed.