(890 P.2d 1248)
No. 71,891

STATE OF KANSAS, *Appellee*, v.
DEE SHANNON DILLARD, *Appellant.*

Opinion filed March 10, 1995.

*Edward G. Collister, Jr.*, special appellate defender, and *Steven R. Zinn*, deputy appellate defender, for appellant.

*Ann L. Smith*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRAZIL, P.J., GERNON, J., and DAVID J. KING, District Judge, assigned.

BRAZIL, J.: Dee Shannon Dillard appeals from the district court's imposition of a sentence pursuant to the Kansas Sentencing Guidelines Act. We affirm but remand for clarification of sentence.

Dillard pled guilty to possession of stolen property. His criminal history classification of two plus misdemeanors placed him in a 9-H grid box. The district court sentenced him to 7 months' imprisonment with 12 months' post-release supervision. The duration is consistent with the grid box; no dispute is raised over the length of the sentence. The district court imposed imprisonment for a presumed nonimprisonment grid box crime because Dillard was on probation when he committed the crime. The court revoked Dillard's probation and made the sentences consecutive, citing K.S.A. 1994 Supp. 22-3716(b) in support of its decision.

The record on appeal indicates that approximately four months later, Dillard filed a petition pursuant to K.S.A. 60-1507. He claimed that his probation had been unlawfully revoked and that he remained in the custody of the county sheriff instead of the Secretary of Corrections. He also contended that, counting good time credit, he was entitled to be released. The court, without commenting on Dillard's claims, suspended the balance of his sentence and assigned him to 24 months of probation.

Dillard first argues the district court did not properly sentence him under the guidelines. He claims no justification was provided for the court's decision to make his presumed nonimprisonment sentence an imprisonment sentence and to run the guidelines sentence consecutive to a previous misdemeanor sentence.

K.S.A. 1994 Supp. 22-3716(b) states in relevant part:

"When a new felony is committed while the offender is on probation or assignment to a community correctional service program, the new sentence shall be imposed pursuant to the consecutive sentencing requirements of K.S.A. 21-4608 and amendments thereto, and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure."

When called upon to interpret the guidelines, the Kansas Supreme Court has referred to the two primary rules of statutory interpretation: First, the courts must give effect to the plain and unambiguous language used within a statute to express the intent of the legislature. Second, the intent of the legislature controls. *State v. Gonzales*, 255 Kan. 243, 248-49, 874 P.2d 612 (1994).

K.S.A. 1994 Supp. 22-3716(b) provided that a sentence for a *new* felony must be consecutive when probation is revoked. Clearly, the use of the term *new* felony was intended to distinguish the present felony for which the sentence is being imposed with a prior felony. Further, the prior felony must refer to a felony conviction for which the offender was on probation or assignment to a community correctional service program when the *new* felony was committed.

These conclusions are supported by the statement in K.S.A. 1994 Supp. 22-3716(b) that the consecutive sentence is mandated as described in K.S.A. 21-4608. K.S.A. 1994 Supp. 21-4608(b) and (c) each provided for persons convicted and sentenced for crimes committed while on probation. Subsection (b) related to persons who commit a crime while on probation for a misdemeanor and provides that the sentences for the new crime may be imposed to run concurrently *or* consecutively. Subsection (c), however, related to a person on probation for a felony when the new crime is committed and provides that the person *shall* serve the sentence consecutively.

In this case, Dillard was on misdemeanor probation when he committed the possession of stolen property offense. Therefore, the mandatory consecutive sentence under K.S.A. 1994 Supp. 22-3716(b) was not applicable. Likewise, the provision in K.S.A. 1994 Supp. 22-3716(b), that imposition of imprisonment sentence for a presumed nonprison crime does not constitute a departure, is not applicable in Dillard's case, and the court erred when it departed from the presumed nonprison sentence without providing substantial and compelling reasons. However, the error is moot because Dillard was granted probation and is not in custody.

Dillard also contends the trial court conditioned his release on 24 months of probation rather than 12 months' post-release supervision. Probation is defined, in part, as "a procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the court after imposition of sentence, without imprisonment except as provided in felony cases, subject to conditions imposed by the court and subject to the supervision of the probation service . . . or community corrections." K.S.A. 1994 Supp. 21-4602(c).

The guidelines state: "If the sentencing judge imposes a non-prison sentence *as a dispositional departure* from the guidelines, the recommended duration shall be as provided in subsection (c) of K.S.A. 21-4611." (Emphasis added.) K.S.A. 1994 Supp. 21-4719(d). K.S.A. 1994 Supp. 21-4611(c), in relevant part, dictates:

"For all crimes committed on or after July 1, 1993, the recommended duration of probation in all felony cases is as follows:

"(1) For nondrug crimes:

(A) Thirty six months for crimes in crime severity levels 1 through 5; and

(B) 24 months for crimes in crime severity levels 6 through 10."

Application of K.S.A. 1994 Supp. 21-4719(d) and K.S.A. 1994 Supp. 21-4611(c) allows for probation to be granted under the guidelines as a dispositional departure. The application of K.S.A. 1994 Supp. 21-4611(c) to a presumed nonimprisonment crime is not specifically indicated within the guidelines. The statutory language in K.S.A. 1994 Supp. 21-4719(d) applies when probation is a *dispositional* departure by a trial judge who does not wish to impose an imprisonment sentence. Probation is not a dispositional departure from a nonimprisonment sentence. K.S.A. 1994 Supp. 21-4610(b) indicates that conditions of probation may be applied equally to presumptive nonimprisonment sentences, *i.e.*, the status is the same.

K.S.A. 1994 Supp. 21-4611(c) does apply to nonprison sanctions. K.S.A. 1994 Supp. 21-4611(c) indicates the provision applies to *"all* crimes committed on or after July 1, 1993," and the recommended probation periods apply to *"all* felony cases." (Emphasis added.) Our review indicates that probation under the guidelines is similar to probation under indeterminate sentencing.

K.S.A. 1994 Supp. 21-4704(a) and K.S.A. 1994 Supp. 21-4705(a) designate the printed nondrug and drug grid boxes as applicable to felony *sentencing* after July 1, 1993. A grid sentence and probation are separate and distinct. K.S.A. 1994 Supp. 21-4703(q) defines presumptive sentence as the *sentence* provided in a grid box for an offender properly classified in that grid box. K.S.A. 1994 Supp. 21-4703(o) states that "nonprison sanction" and "nonimprisonment" both mean *probation* or any other community based disposition. K.S.A. 1994 Supp. 21-4704(e)(3) applies

to presumed nonimprisonment sentencing and directs the sentencing court to "pronounce the prison sentence as well as the duration of the nonprison sanction at the sentencing hearing."

The appropriate procedure under the guidelines for sentencing an individual within a presumed nonimprisonment grid box is as follows:

1) The sentencing court shall pronounce the criminal sentence as indicated by the range listed in the applicable grid box or as provided under the rules for a departure. If a dispositional departure is announced or operation of a statute (*e.g.*, K.S.A. 1994 Supp. 21-4704[g]) invalidates the presumption of nonimprisonment, then the court is finished.

2) If the sentencing court does not announce a dispositional departure and the presumption of nonimprisonment is not rebutted by a statute, the court must then impose a nonprison sanction as directed by K.S.A. 1994 Supp. 21-4611(c).

The limitations on orders of probation are dictated by K.S.A. 1994 Supp. 21-4611(c)(3), which states:

"Except as provided in subsections (c)(4) and (c)(5), the total period in *all cases* shall not exceed 60 months, or the maximum period of the prison sentence that could be imposed *whichever is longer*. Nonprison sentences may be terminated by the court at any time." (Emphasis added.)

In this case, the trial court's order of 24 months' probation was consistent with the directives and recommendation of K.S.A. 1994 Supp. 21-4611(c). However, a problem still exists because it is unclear whether Dillard was serving his previous misdemeanor sentence prior to receiving probation on his 9-H grid box conviction.

The trial court erred in ordering Dillard to imprisonment without providing any substantial and compelling reasons to substantiate its imposition of a dispositional departure. However, the error is moot. The court's order of probation is affirmed, but the case is remanded for sentence clarification to determine what sentence was being served before the court suspended the 9-H grid box sentence and ordered probation.

Affirmed and remanded.