**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DANNY RAY LAMB,

        Petitioner-Appellant,

v.

DAVID R. MCKUNE, CARLA J.
STOVALL,

        Respondents-Appellees.

No. 96-3227
(Dist. of Kansas)
(D.C. No. 95-3273-DES)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 1973 Petitioner Danny Ray Lamb was convicted in Kansas state court of aggravated robbery and kidnaping and was sentenced to consecutive terms of fifteen years to life for each of the two crimes. In 1995 Lamb petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, appearing *pro se*. He asserted that the court should grant him a writ of habeas corpus on grounds that he was entitled to a twenty percent good time credit in the calculation of his conditional release date. The district court denied the petition for writ of habeas corpus, as well as Lamb's subsequent request for a certificate of appealability under 28 U.S.C. § 2253(c). Lamb now requests a certificate of appealability from this court.

A habeas petitioner is entitled to a certificate of appealability only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This court has held that the standard for granting a certificate of appealability under the Act is the same standard set out by the Supreme Court in *Barefoot v. Estelle*, 463 U.S. 880 (1993). *Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996), *cert. denied*, 117 S.Ct. 746 (1997). Under the *Barefoot* standard, a certificate of appealability will issue only where the petitioner has demonstrated the issues raised are (1) debatable among jurists of reason, (2) a court could resolve the issues differently, or (3) the questions presented are deserving of further proceedings. *Barefoot*, 463 U.S. at 893 n.4.

We have reviewed the district court's order, Lamb's brief and application for a certificate of appealability, and the entire record before us on appeal. We conclude that Lamb has failed to make a "substantial showing of the denial of a constitutional right" for substantially the reasons set forth in the district court's order dated April 30, 1996.

Lamb cites to Kansas statutory law governing parole eligibility and the role of minimum sentences and good time credits in the calculation thereof. He fails to take into account, however, that the statutory standard for conditional release is not only different from the statutory standard for parole eligibility to which he refers, but conclusively forecloses his argument as well. Kansas state law dictates that an inmate's conditional release date is calculated by deducting "such work and good behavior credits as have been earned" from the maximum term imposed. Kan. Stat. Ann. § 22-3718. Where a life sentence is imposed, there is no starting point from which to calculate any reduction. *See State v. Carmichael*, 801 P.2d 1315, 1318 (Kan. 1990). Because Lamb is subject to a life sentence, he has no conditional release date.

Accordingly, we **DENY** Lamb a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT,

Michael R. Murphy
Circuit Judge

-3-