(947 P.2d 452)

No. 77,092

STATE OF KANSAS, *Appellee,* v. GEORGE MANNING, *Appellant.*

Opinion filed November 7, 1997.

*Ryan Kipling Elliot,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Kiann C. Dodd,* assistant district attorney, *Nick A. Tomasic,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before RULON, P.J., ELLIOTT, J., and ROGG, S.J.

ROGG, J.: George Manning pled guilty to felony theft in violation of K.S.A. 21-3701. A sentencing hearing was held on May 10, 1996, at which time defense counsel told the court that Manning had committed the theft while on parole for Missouri convictions.

The State claimed that defendant was not on parole but, rather, an escapee at the time he committed the felony theft. The State argued that the sentencing court was required to sentence Manning to consecutive sentences regardless of whether Manning was on parole or an escapee.

The district court sentenced Manning to 14 months' imprisonment. Without stating whether Manning was on parole or an escapee at the time he committed the Kansas offense, the court found that it was required to run the Kansas sentence consecutive to the sentences Manning had received in his Missouri felony convictions.

Manning appeals from the district court's ruling. He claims that the district court erred in its determination that the sentences had

to be run consecutively pursuant to K.S.A. 21-4608(c). Manning asserts that the proper statute that applied was K.S.A. 21-4608(h), which allowed the court to use discretion whether to impose consecutive or concurrent sentences. He asserts that, because the court did not make a specific finding regarding his status, whether he was on parole or an escapee, the court could not determine whether a mandatory sentence was required.

K.S.A. 21-4608(c) states:

"Any person who is convicted and sentenced for a crime committed while on probation, assigned to a community correctional services program, on parole, on conditional release or on post release supervision for a felony shall serve the sentence consecutively to the term or terms under which the person was on probation, assigned to a community correctional services program or on parole or conditional release."

K.S.A. 21-4608(h) provides:

"When a defendant is sentenced in a state court and is also under sentence from a federal court or other state court or is subject to sentence in a federal court or other state court for an offense committed prior to the defendant's sentence in a Kansas state court, the court may direct that custody of the defendant may be relinquished to federal or other state authorities and that such state sentences as are imposed may run concurrently with any federal or other state sentence imposed."

Whether the district court erred in imposing a mandatory consecutive sentence is a question of statutory interpretation and this court's review is de novo. See *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993).

In *State v. Aleman*, 16 Kan. App. 2d 784, 786-90, 830 P.2d 64, *rev. denied* 251 Kan. 940 (1992), this court discussed the application of K.S.A. 1991 Supp. 21-4608(3) and (8) (which are substantially the same as the current subsections [c] and [h]).

In *Aleman*, the defendant was on probation from a felony conviction in the state of Wyoming at the time he committed a felony. The sentencing court concluded that a consecutive sentence was mandatory pursuant to K.S.A. 1991 Supp. 21-4608(3). Aleman argued that the court should have relied on K.S.A. 1991 Supp. 21-4608(8) which gave the court discretion to impose a concurrent or consecutive sentence. The court determined K.S.A. 1991 Supp. 21-

4608(8) was "a general statute governing the various situations when a person convicted of a crime in Kansas [was] 'under sentence' or 'subject to sentence' in another jurisdiction." 16 Kan. App. 2d at 789. It then went on to find that K.S.A. 1991 Supp. 21-4608(3) applied "only to those persons who [were] convicted of committing crimes while on probation or parole." 16 Kan. App. 2d at 789. It concluded that K.S.A. 1991 Supp. 21-4608(3) controlled because it dealt with a specific phase of K.S.A. 1991 Supp. 21-4608(8). 16 Kan. App. 2d at 789.

Manning tries to distinguish his case from *Aleman* by arguing that unlike *Aleman*, his status was in dispute. Therefore, according to *Manning*, the question becomes whether his status as an escapee would be mutually exclusive of his status of being on parole, thereby requiring the court to look to K.S.A. 21-4608(h) rather than (c).

In evaluating the Kansas Sentencing Guidelines Act, the Kansas appellate courts have referred to the two primary rules of statutory construction: First, the court must give effect to the plain and unambiguous language used within a statute to express the intent of the legislature. Second, the intent of the legislature controls. *State v. Gonzales*, 255 Kan. 243, 248-49, 874 P.2d 612 (1994); *State v. Dillard*, 20 Kan. App. 2d 660, 661, 890 P.2d 1248 (1995). Additionally, " '[i]n determining legislative intent, courts are not limited to a mere consideration of the language used, but look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished and the effect the statute may have under the various constructions suggested.' " *Gonzales*, 255 Kan. at 249 (quoting *Brown v. Keill*, 224 Kan. 195, Syl. ¶ 3, 580 P.2d 867 [1979]).

K.S.A. 21-4608(c) does not expressly include one who has escaped from custody. However, a defendant on parole from a felony should not be rewarded by his own illegal act of escaping. In *State v. Burrows*, 23 Kan. App. 2d 342, 342-43, 929 P.2d 1391 (1997), the sentencing court made a finding that defendant had committed the current crimes while he was "incarcerated for a felony conviction" where he was an escapee from Oklahoma when he committed three counts of burglary.

We conclude that the failure to expressly include a convict on escapee status in K.S.A. 21-4608(c) and K.S.A. 21-4608(e) does not prevent the statutes from operating to require the sentencing court to order consecutive sentences for a defendant who commits a crime after escaping from custody.

Therefore, regardless of whether Manning was on parole or an escapee, the sentencing court properly ran Manning's sentence in the present offense consecutive to his sentences in the Missouri cases.

Affirmed.