NOT DESIGNATED FOR PUBLICATION

No. 119,434

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MIRANDA M. CAIN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Marshall District Court; JAMES A. PATTON, judge. Opinion filed May 31, 2019. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Laura E. Johnson-McNish*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., SCHROEDER, J., and MCANANY, S.J.

PER CURIAM: Miranda M. Cain seeks to set aside her conviction for aggravated human trafficking of a child. The facts that led to her plea and conviction occurred in June 2015 when a confidential informant alerted the police to Cain using a 14-year-old girl for prostitution purposes. The police had the informant send Cain a text message informing her that he had a friend in town who was looking for an underage girl for sex. Cain agreed to meet the confidential informant and his friend at a motel in Marysville. A Washington County Sheriff's deputy played the role of the confidential informant's friend.

The motel where the assignation was to take place was outfitted with a hidden tape recorder and a hidden video camera. The speaker on the deputy's cell phone was activated so the police, who were parked across the street, could monitor the situation in real time.

A short time later, Cain arrived at the motel with the young girl in tow. After brief introductions, the deputy asked Cain what the charge would be. Cain told him it would be $275 for both her and the young girl or $200 for just the young girl. The deputy agreed on the price for the young girl and handed Cain $200 in previously recorded bills. Cain then gave the young girl a condom and walked out of the room with the confidential informant, leaving the young girl alone with the deputy. Cain was arrested in the parking lot. The police found $180 of the previously recorded $200 in cash tucked into the seat of the confidential informant's car where Cain had been seen placing it. The remaining $20 was found in Cain's cell phone. At the police station Cain waived her *Miranda* rights and admitted that she had taken the young girl to the motel so she could engage in sex for money. Cain admitted that she negotiated the price for the child and gave the child a condom to use. According to Cain, the child did not initially know she was being taken to the motel for sex, but when confronted with the transaction at hand, the child "didn't say no."  Throughout her statement, Cain referred to the prostitution of herself and the young girl as "her business."

Cain was charged with aggravated human trafficking of a child, a severity level 1 person felony, and commercial sexual exploitation of a child, a severity level 5 person felony.

In February 2016, the court held a hearing at which Cain changed her initial not guilty plea to a plea of no contest to one of the charged counts. The court invited Cain to speak up if she had any questions about the proceedings. The court then questioned Cain at length and advised her of her rights. The court pointed out that it controls the sentence to be imposed, not any agreement of the parties, and Cain indicated that she understood.

2

The court confirmed that Cain had an adequate opportunity to consider her case and discuss it with her attorney before entering her plea. Cain and the State had entered into a plea agreement, and the terms of the agreement were repeatedly reviewed in detail before the court accepted Cain's new plea. Under this plea agreement, Cain pled no contest to aggravated human trafficking of a child and the State dismissed the charge of commercial sexual exploitation of a child. The State recommended the standard sentence of 155 months in prison. Cain moved for a departure sentence, and the State, as agreed, did not oppose the motion. Based on Cain's age, her difficult upbringing, and her cooperation with the authorities, the district court granted Cain's motion and imposed a departure sentence of 117 months, down from the guideline 147-155-165 sentence.

One day short of a year later, Cain moved pro se for relief under K.S.A. 60-1507, claiming her lawyer had been ineffective in (1) failing to advise her of the factual meaning of the charge, (2) failing to advise her of the consequences of her plea, (3) improperly influencing and threatening her to accept the plea, and (4) prompting her with answers at the plea hearing and at sentencing.

At the hearing that followed Cain detailed her complaints. She and her special education teacher testified that Cain has attention deficit disorder and, as a result, has a hard time concentrating on or understanding complex issues. Cain's lawyer testified about his representation of Cain and her decision to enter into the plea agreement. Following the hearing, the district court denied relief, finding that Cain failed to establish by a preponderance of the evidence that there were any errors, serious or otherwise, in her lawyer's performance. Cain's appeal brings the matter to us.

Cain argues that the district court erred in not granting relief on her motion based on the ineffective assistance of her counsel. This raises a mixed question of law and fact. We review the district court's factual findings for substantial competent evidence and

3

then determine de novo whether they support the district court's conclusions of law. *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013).

To prevail, Cain needed to show not only the inadequacy of her counsel's representation, but also, that but for this inadequate representation there was a reasonable probability that she would not have pled no contest to the one charge but would have taken her chances and gone to trial on the original two charges. See *State v. Aleman*, 16 Kan. App. 2d 784, 790-91, 830 P.2d 64 (1992). A "reasonable probability" is a sufficient enough probability to undermine confidence in the outcome of the proceeding. *State v. Bricker*, 292 Kan. 239, 245-46, 252 P.3d 118 (2011).

Cain argues that her lawyer failed to accurately convey the terms of the plea agreement because she believed that the State would join her motion for a departure sentence and that the district court was almost certain to grant that joint motion and sentence her to 77.5 months in prison. Cain relies on *State v. Solomon*, 257 Kan. 212, Syl. ¶ 7, 891 P.2d 407 (1995), for support. There, our Supreme Court noted that defense counsel has the duty to advise the defendant of the range of possible penalties and to discuss the possible choices available to the defendant. Similarly, see *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

Cain places significance in the fact that at the hearing, held two years after her plea agreement was entered into, her counsel initially misremembered that the agreement called for a jointly recommended downward departure while, in fact, the agreement permitted Cain to move on her own for a departure sentence. We do not. Cain requested and got a significant downward departure, which the State did not oppose. Cain's counsel testified that he explained to Cain her possible sentence. At the plea hearing the plea agreement was correctly detailed and reviewed with Cain several times by her counsel, by the State, and by the district court. She acknowledged her understanding that the court would decide on her sentence and that the sentence imposed would not be preordained by

4

the parties' agreement. Finally, at no time during her plea hearing did Cain indicate that her understanding of the plea agreement was different from what was recited in open court.

Besides, we find it highly improbable that, but for the claimed inadequacies of her counsel, Cain would have rolled the dice and gone to trial on these two serious felony charges. The evidence against her was overwhelming. The State had eyewitnesses to the transaction, both video and audio recordings of it, physical evidence in the form of the cash paid to Cain and the condom she gave the child to use, and Cain's damning confession to the police that followed. With no realistic probability that Cain would not have taken the deal, Cain's claims also fail for lack of any showing of prejudice.

We find no error in the district court denying relief on Cain's K.S.A. 60-1507 motion.

Affirmed.