**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**November 29, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DEVONSHAY T.A. HILLELAND,

    Defendant - Appellant.

No. 21-3063
(D.C. No. 5:19-CR-40059-HLT-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **SEYMOUR**, and **EBEL**, Circuit Judges.
_____

Devonshay Hilleland was convicted of possession of a firearm in violation of

18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).  Hilleland admitted to possession of

the firearm.  But he argues that he does not qualify as a felon under § 922(g), and

thus it was lawful for him to possess the weapon.

Hilleland has a prior Kansas burglary conviction.  Under the Kansas

sentencing scheme, the state court was required to give Hilleland a sentence of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

probation.[1]  It sentenced Hilleland to 18 months of probation and a 13-month

suspended sentence of imprisonment.  Because Hilleland did not materially violate

the conditions of his probation, he was not required to serve the 13-month suspended

sentence.

Hilleland was then charged in federal district court with unlawful possession

of a firearm under § 922(g).  Section 922(g)(1) prohibits possession of a firearm by

anyone "who has been convicted in any court of, a crime punishable by imprisonment

for a term exceeding one year."  The district court found that Hilleland's prior

Kansas conviction qualified as a "crime punishable by imprisonment for a term

exceeding one year," because Hilleland could have received the suspended sentence

of 13 months of imprisonment if he had violated his probation.

But the district court did not have the benefit of *United States v. Hisey*, 12

F.4th 1231 (10th Cir. 2021), which was published during the pendency of this appeal.

The *Hisey* court considered the same Kansas sentencing scheme.  It found that a

mandatory sentence of probation, even with a long suspended sentence of

imprisonment, was not a predicate offense under § 922(g).  It reasoned that the

---

[1] "If an offense is classified in a grid block below the dispositional line, the presumptive disposition shall be nonimprisonment."  K.S.A. 21-6804(f).  A Kansas court may depart from the presumptive disposition only if it finds certain facts, none of which were present in this case.  *See State v. Dillard*, 890 P.2d 1248, 1251 (Kan. App. 1995) ("If the sentencing court does not announce a dispositional departure and the presumption of nonimprisonment is not rebutted by a statute, the court must then impose a nonprison sanction.").

underlying offense was only punishable with probation—it would require additional misconduct, a parole violation, to imprison a defendant under the Kansas scheme.

The government argues that *Hisey* does not control because the opinion did not address *Alabama v. Shelton*, 535 U.S. 654 (2002). In *Shelton*, the Supreme Court found that a suspended sentence of imprisonment triggers a defendant's Sixth Amendment right to counsel. *Id.* The government contends that *Shelton* controls here, because it recognized a suspended sentence as imprisonment attributable to the underlying crime, not to a parole violation.

But *Shelton* was a Sixth Amendment case. Its holding does not control when interpreting a federal statute, with a different text and purpose from the Sixth Amendment. *Shelton* may have been persuasive to the panel in *Hisey*, but the government did not raise an argument under *Shelton* in that case. This panel is not permitted to overlook a controlling Tenth Circuit decision because the government previously failed to raise a persuasive argument. Thus, *Hisey* controls this case, not *Shelton*.

Here, just as in *Hisey*, Hilleland received a mandatory sentence of probation for his state offense. Hisey had to receive probation because he met certain characteristics, while Hilleland had to receive probation because he did not meet certain aggravating characteristics. This is a distinction without a difference—both defendants had a mandatory sentence of probation.

*Hisey* instructs that a crime punishable only with mandatory probation, even with a suspended sentence of imprisonment, is not a predicate crime under § 922(g).

3

Thus, Hilleland, like Hisey, does not fall into the class of persons prohibited from possessing a firearm under § 922(g).  He could not have committed the § 922(g) offense that he was sentenced for.

For the reasons above, we reverse Hilleland's conviction for unlawful possession of a firearm and remand for any further proceedings in the district court.

Entered for the Court


Timothy M. Tymkovich
Chief Judge