No. 70,240
No. 70,321

STATE OF KANSAS, *Appellee*, v. LEONARD (JON) GONZALES, JR., and BUFORD W. BAILEY, *Appellants*.

(874 P.2d 612)

Opinion filed April 22, 1994.

*M. Kristine Paredes*, assistant appellate defender, argued the cause for appellant Leonard (Jon) Gonzales, Jr., and *Jeffrey L. Shaw*, assistant appellate defender, argued the causefor appellant Buford W. Bailey; *Jessica R. Kunen*, chief appellate defender, was with them on the briefs.

*Ty Kaufman*, county attorney, argued the causes, and *Robert T. Stephan*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: The basic issue in this appeal is whether the trial court erred in refusing to convert the defendants' sentences under K.S.A. 1993 Supp. 21-4724. There is also a jurisdictional question as to whether the conversion issue may be appealed.

Both defendants are now on parole, having completed their sentences while their cases were on appeal. The issue is not moot, however, because a successful appeal here will affect the length of time each defendant will be on parole or the length of time each defendant will serve if his parole is revoked. See *State v. Aleman*, 16 Kan. App. 2d 784, 786, 830 P.2d 64, *rev. denied* 251 Kan. 940 (1992).

Defendant Leonard (Jon) Gonzales, Jr., was sentenced prior to July 1, 1993, for two counts of terroristic threat, class E felonies. Defendant Buford W. Bailey was sentenced prior to July 1, 1993, for the offense of theft, a class E felony. Both defendants were eligible for the retroactivity provision of the sentencing guidelines; however, the district judge refused to convert their sentences and instead reimposed the original sentences. Gonzales and Bailey appealed to the Court of Appeals, and the cases were transferred to this court and consolidated for appeal.

Gonzales entered a plea of nolo contendere to the offenses on February 18, 1992. He was sentenced to concurrent terms of one

to two years for each offense and was placed on probation for a period of three years. On January 25, 1993, Gonzales' probation was revoked after he was terminated from the Sedgwick County Community Corrections Program. Gonzales was ordered to the Labette County Conservation Camp, and when he was not accepted into that program, the original term of incarceration was imposed on March 9, 1993. His subsequent motion to modify was denied.

The Department of Corrections prepared a sentencing guidelines report on Gonzales. His offenses are severity level IX, and his prior criminal history is level D (one prior person "felony" offense as a juvenile). The report noted that Gonzales was eligible for conversion. The State requested a hearing and opposed conversion of Gonzales' sentence. After a July 27, 1993, hearing, Judge Anderson agreed with the Department of Corrections that the appropriate sentence under the guidelines was a 12-month sentence under grid block IX-D. However, based on Gonzales' prior unsuccessful termination from community corrections and his unwillingness to enter the Labette County Conservation Camp, Judge Anderson declined to convert Gonzales' sentences. Judge Anderson also found that even if the sentences were converted, Gonzales should not be placed on presumptive probation. He treated this as a refusal to convert.

Defendant Buford Wayne Bailey was sentenced on October 20, 1992, to a term of one to three years, and he was placed on probation for a period of three years "with the special condition that the defendant follow the program set by Community Corrections." Bailey's probation was revoked after he failed to successfully complete the McPherson County Community Corrections Program, and on January 7, 1993, the original term of incarceration was reinstated. His subsequent motion to modify was denied.

On July 21, 1993, the Department of Corrections prepared a sentencing guidelines report. Bailey's offense is a severity level IX crime, and his prior criminal history is level H (four prior non-person misdemeanor offenses). The report noted that Bailey was eligible for conversion. The State requested a hearing and op-

posed conversion of Bailey's sentence. Judge Anderson declined to modify Bailey's sentence and reimposed the original one- to three-year sentence. Judge Anderson opined that he had the authority to exercise discretion in determining if the defendant is entitled to conversion. He declined to modify Bailey's sentence based on Bailey's prior record and based on his failure at probation and community corrections. Judge Anderson ordered the defendant to serve the remainder of his original sentence.

Both Gonzales and Bailey appealed the district court's refusal to convert their sentences to the Court of Appeals. The Court of Appeals ordered the parties in both cases to address the following issue in their briefs:

"Does the court of appeals lack jurisdiction over the above-captioned case because the sentencing guidelines, specifically chapter 291 section 268 of the 1993 session laws, do not provide for appeal of a district court order reviewing a challenge to a department of corrections sentencing guidelines report?"

Thereafter, the cases were consolidated upon the request of defendants. The appeals were transferred to this court upon this court's motion pursuant to K.S.A. 20-3018(c).

Neither defendants nor the State are of the opinion there is a jurisdictional problem here.

K.S.A. 1993 Supp. 22-3602(a) provides for appeal as a matter of right from any judgment against a defendant in the district court "[e]xcept as otherwise provided." That section provides that no appeal is permitted from a judgment of conviction upon a plea of guilty or nolo contendere except by a K.S.A. 60-1507 motion. Here, although both defendants entered pleas of nolo contendere, neither is appealing from the judgment of conviction. Rather, each appeals from the judgment of the district court declining to convert his sentence.

The issue as framed by the Court of Appeals states that K.S.A. 1993 Supp. 21-4724 does not provide for appeal of a district court order reviewing a challenge to a Department of Corrections sentencing guidelines report. Both defendants and the State agree that the sentencing guidelines reports prepared by the Department of Corrections were correct.

Each defendant contends that the district court's refusal to convert his sentence to a guidelines sentence amounts to imposition

of an illegal sentence. They properly state that an illegal sentence may be corrected at any time. K.S.A. 22-3504. Further, defendants properly state that appeal from the sentence imposed for felony offenses committed on or after July 1, 1993, is limited pursuant to K.S.A. 1993 Supp. 21-4721. No such limit on appeals for crimes committed prior to July 1, 1993, is contained in the Act.

In *State v. VanReed*, 245 Kan. 213, 777 P.2d 794 (1989), this court permitted a defendant to appeal a district court's failure to impose the statutory presumptive sentence of probation. We see no valid reason to deny defendants the right to appeal the district court's failure to make what defendants claim is a mandatory conversion of their sentences. In *VanReed*, this court found a narrow exception to the rule that "there is no direct appeal from a denial of probation following a guilty or nolo contendere plea" and stated that "[b]y the adoption of K.S.A. 21-4606a [presumptive sentence of probation for certain offenders], the legislature has implicitly authorized a direct appeal of a decision by the sentencing court to deny the presumptive sentence." 245 Kan. at 217. Likewise, the legislature has provided in K.S.A. 1993 Supp. 21-4724(b)(1) that certain offenders who "were sentenced prior to July 1, 1993, *shall* have their sentences modified according to the provisions specified in the Kansas sentencing guidelines act" (emphasis added), and this court finds that the legislature has implicitly authorized appeal of a decision by the district court to deny the seemingly mandatory modification.

K.S.A. 1993 Supp. 21-4724 is a limited retroactivity provision whereby the sentences of certain offenders who were sentenced prior to July 1, 1993, the date the Kansas Sentencing Guidelines Act went into effect, are converted to sentences under the Sentencing Guidelines Act. Both Gonzales and Bailey were eligible for conversion under this statute. Gonzales is classified in grid block IX-D, a presumptive nonimprisonment sentence with an 11- to 13-month sentence if incarceration is imposed. Bailey is classified in grid block IX-H, a presumptive nonimprisonment sentence with a 6- to 8-month sentence if incarceration is imposed.

Defendants suggest three arguments to show that the district court erred in refusing to convert their sentences. First, defendants contend that conversion under K.S.A. 1993 Supp. 21-4724 is mandatory for eligible defendants and that a district court has no discretion whether to convert a defendant's sentence. Further, defendants contend that conversion must be to the range of sentences in the appropriate grid block; the district court lacks the power to depart from that range. Finally, defendants suggest that even if the district court has the power to issue a departure sentence, the district court here failed to comply with the Sentencing Guidelines Act requirements for imposing a departure sentence.

The State, conversely, contends that when one of the parties requests a hearing pursuant to K.S.A. 1993 Supp. 21-4724(d)(1) regarding conversion, the district court has discretion in determining whether to convert a defendant's sentence to a guidelines sentence. The State maintains that nothing in K.S.A. 1993 Supp. 21-4724 makes conversion mandatory and that reading the provisions of the statute together shows that conversion is instead discretionary. Further, the State argues that even if conversion is mandatory and the district court's failure to convert the sentences of Gonzales and Bailey amounts to a departure, the court was not required to comply with the rules governing departure under the Sentencing Guidelines Act.

The rules of statutory construction have been frequently stated.

"The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when the intent can be ascertained from the statute. 'In construing statutes, the legislative intention is to be determined from a general consideration of the entire act.' *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987). In order to construe one part of a statute, it is permissible to look at other parts of it. 'The several provisions of an act, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony and giving effect to the entire statute if it is reasonably possible to do so.' *Easom v. Farmers Insurance Company*, 221 Kan. 415, Syl. ¶ 3, 560 P.2d 117 (1977)." *Guardian Title Co. v. Bell*, 248 Kan. 146, 151, 805 P.2d 33 (1991).

See *City of Wichita v. 200 South Broadway,* 253 Kan. 434, Syl. ¶¶ 1, 2, 855 P.2d 956 (1993).

"The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that

intent can be ascertained from the statute, even though words, phrases or clauses at some place in the statute must be omitted or inserted."

"In determining legislative intent, courts are not limited to a mere consideration of the language used, but look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished and the effect the statute may have under the various constructions suggested."

"In order to ascertain the legislative intent, courts are not permitted to consider only a certain isolated part or parts of an act but are required to consider and construe together all parts thereof *in pari materia*. When the interpretation of some one section of an act according to the exact and literal import of its words would contravene the manifest purpose of the legislature, the entire act should be construed according to its spirit and reason, disregarding so far as may be necessary the literal import of words or phrases which conflict with the manifest purpose of the legislature." *Brown v. Keill*, 224 Kan. 195, Syl. ¶¶ 2-4, 580 P.2d 867 (1978).

However, "[w]hen a statute is plain and unambiguous, [the court] must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be." *In re Estate of Fortney*, 5 Kan. App. 2d 14, 21, 611 P.2d 599 (1980).

Both sides find language in the Act to support their positions. Many of the arguments support both mandatory and discretionary conversion. As we view the Act, the legislature had several things in mind. First and foremost, the legislature was faced with an overcrowded prison system and had a choice of building and maintaining additional prison facilities at a time when the State was and is financially hard-pressed to maintain its existing prison system or of devising a method of reducing the inmate population. The legislature very clearly opted to reduce the prison population and devised a method to incarcerate serious offenders and to handle less dangerous offenders by nonprison sanctions or by imposing shorter sentences.

The legislature was also interested in standardizing sentences so that similarly situated offenders would be treated the same. The legislature heard testimony and expressed concern that surveys showed both a racial bias and a geographical bias. The geographical bias indicated that judges in rural communities imposed longer sentences and that defendants from rural areas were not paroled as readily and had their parole revoked more frequently.

K.S.A. 1993 Supp. 21-4724(b) provides:

"(1) Except as provided in subsection (d), persons who committed crimes which would be classified in a presumptive nonimprisonment grid block on either sentencing grid, in grid blocks 5-H, 5-I or 6-G of the nondrug grid or in grid blocks 3-H or 3-I of the drug grid, pursuant to the provisions of subsection (c) of K.S.A. 1993 Supp. 21-4705 and amendments thereto, if sentenced pursuant to the Kansas sentencing guidelines act, and were sentenced prior to July 1, 1993, *shall* have their sentences modified according to the provisions specified in the Kansas sentencing guidelines act.

"(2) Except as provided in subsection (d), offenders on probation, assignment to community corrections, conditional release or parole for crimes classified in subsection (b)(1) committed prior to July 1, 1993, who have such probation, assignment to community corrections, conditional release or parole revoked *shall* have their sentences modified according to the provisions specified in the Kansas sentencing guidelines act." (Emphasis added.)

We believe that the legislative intent in adopting the retroactivity provision of the Sentencing Guidelines Act was to make conversion mandatory and that the provisions in K.S.A. 1993 Supp. 21-4724(d) require the trial court to settle any disputes concerning criminal history and to impose a sentence within the correct grid box just as if the trial judge were imposing an original sentence under the guidelines. The trial judge may consider any information available as of the original sentencing date that he or she could have considered in imposing an original sentence under the guidelines, and the trial judge may depart from the guidelines. Any departure must be consistent with the departure provisions of the guidelines, and a parole or probation violation after the original sentencing date may not be considered in converting the sentence. Any departure must be justified by the trial court by written findings and an order as required by the guidelines.

The grounds for departure are set forth in K.S.A. 1993 Supp. 21-4716, K.S.A. 1993 Supp. 21-4717, and K.S.A. 1993 Supp. 21-4718. Departure requires substantial and compelling reasons. The trial court in these cases did not make findings and impose departure sentences, although in Gonzales' case Judge Anderson did state, "If it's a departure, then I am going to depart." The Sentencing Guidelines Act does not provide for an indeterminate sentence. Yet by reimposing each defendant's original sentence, Judge Anderson did impose an indeterminate sentence. Such a

sentence is not a "departure" from the guidelines; it is merely reimposition of a sentence under the law as it existed prior to July 1, 1993. Having found that conversion is mandatory, reimposition of the defendants' previous sentences was illegal. Further, even if reimposition is considered a departure, the mandates of K.S.A. 1993 Supp. 21-4716, -4717, and -4718 were not followed.

Reversed and remanded for resentencing.