(878 P.2d 854)
No. 70,421

STATE OF KANSAS, *Appellee*, v. LARRY L. WILLIAMS, *Appellant*.

Opinion filed August 5, 1994.

*Rick Kittel* and *Jean K. Gilles Phillips*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*David Lowden*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before ELLIOTT, P.J., RULON, J., and ROBERT J. SCHMISSEUR, District Judge, assigned.

ELLIOTT, J.: Larry L. Williams appeals the trial court's determination of his prior criminal history; the trial court suspended imposition of sentence in two cases but determined Williams had four prior nonperson felonies for purposes of the Kansas Sentencing Guidelines Act (KSGA) (K.S.A. 1993 Supp. 21-4701 *et seq.*).

In 1991, Williams pled guilty to two counts of forgery; the trial court suspended imposition of sentence for two years on certain conditions. Subsequently, Williams pled guilty to possession of cocaine, and the trial court suspended imposition of sentence on the cocaine charge and continued him on a suspended imposition of sentence on the forgeries.

At sentencing, the trial court stated it was required to determine where Williams fell within the KSGA grid. Because sentencing occurred after July 1, 1993, for an offense prior to that date, the trial court felt it was required to make the finding.

The trial court treated one prior offense from 1965 as an adult offense and counted the separate counts as separate prior crimes. The trial court also counted the two counts of forgery as separate crimes, although both were based on the same bad check. As a result, the trial court found Williams had four prior nonperson felonies, which gave him a criminal history category of "E." The trial court found defendant's severity level was a level 4 drug offense. For some reason, these findings were never journalized.

K.S.A. 1993 Supp. 21-4724(f) provides:

"In the case of any person to whom the provisions of this section shall apply, who committed a crime prior to July 1, 1993, but was sentenced after July 1, 1993, the sentencing court shall impose a sentence as provided pursuant to law as the law existed prior to July 1, 1993, and shall compute the appropriate sentence had the person been sentenced pursuant to the Kansas sentencing guidelines."

Interpretation of a statute is a question of law, and our review is therefore de novo. See *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993); *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

We must give effect to the plain meaning of the statute as written, rather than attempt to determine what the law "should or should not be." See *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992).

We hold the trial court had no authority to determine Williams' criminal history because he was not actually sentenced at the hearing. On its face, K.S.A. 1993 Supp. 21-4724(f) applies only to a person sentenced after July 1, 1993, for a crime committed prior to that date. In the present case, the trial court never actually sentenced Williams, because it suspended imposition of sentence. As a result, the trial court had no authority to calculate the criminal history and KSGA sentence; nor will the trial court have that authority until it actually imposes sentence on Williams. Because of this, the trial court's determination is without effect and cannot be considered in any subsequent action against Williams.

Reversed. The trial court's determination of Williams' criminal history is not binding in any subsequent proceeding.