(888 P.2d 409)

No. 71,733

STATE OF KANSAS, *Appellee*, v. LEONADAS DUANE SIDDERS, *Appellant*.

Opinion filed January 20, 1995.

*Steven R. Zinn*, deputy appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Robert A. Walsh*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before LARSON, P.J., PIERRON and ROYSE, JJ.

LARSON, J.: Leonadas Duane Sidders appeals the trial court's denial of his motion to convert his sentence under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 1993 Supp. 21-4701 *et seq.*

Sidders contends his severity level classification and criminal history ranking make him eligible for conversion under K.S.A. 1993 Supp. 21-4724. He claims the KSGA does not preclude from conversion sentences of individuals who have committed aggravated assault of a law enforcement officer and used a firearm in the commission of a crime.

In 1992, a jury convicted Sidders on three counts of aggravated assault of a law enforcement officer. Sidders used a firearm in

the commission of the crime. In July 1992, Sidders was sentenced to a controlling term of 3 to 10 years and incarcerated. On November 30, 1993, the Department of Corrections (DOC) issued a sentencing guidelines report. Sidders' aggravated assault on a law enforcement officer was classified as a severity level 6 offense. The DOC report listed no criminal history and assigned no criminal history classification. Sidders, however, was not deemed eligible for retroactivity.

Sidders moved for sentence conversion because his 6-I sentence classification warranted retroactive conversion under the KSGA. The trial court denied the motion to convert for the following reasons:

"Normally, a 6-I sentence would carry presumptive probation and retroactive application of the sentencing guidelines would apply; however, because a firearm was used in the commission of the crimes presumptive probation does not apply pursuant to K.S.A. 1993 Supp. 21-4704(g). Accordingly, defendant is not entitled to retroactive application of the sentencing guidelines."

Sidders appeals. We reverse.

The issue presented requires this court to construe language within the relevant provisions of the KSGA. Interpretation of the KSGA is a question of law. *State v. Williams*, 19 Kan. App. 2d 903, 878 P.2d 854 (1994). We apply a de novo standard of review to questions of law. See *State v. Donlay*, 253 Kan. 132, 134, 853 P.2d 680 (1993). We are not bound by the decision of the trial court. *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

K.S.A. 1993 Supp. 21-4724(b)(1) controlled Sidders' eligibility for conversion to a guidelines sentence and states:

"Except as provided in subsection (d), *persons who committed crimes which would be classified in a presumptive nonimprisonment grid block on either sentencing grid*, in grid blocks 5-H, 5-I or 6-G of the nondrug grid or in grid blocks 3-H or 3-I of the drug grid, pursuant to the provisions of subsection (c) of K.S.A. 1993 Supp. 21-4705 and amendments thereto, if sentenced pursuant to the Kansas sentencing guidelines act, and were sentenced prior to July 1, 1993, *shall have their sentences modified* according to the provisions specified in the Kansas sentencing guidelines act." (Emphasis added.)

In denying conversion because a handgun was used by Sidders, the trial court cited K.S.A. 1993 Supp. 21-4704(g) to support its

holding. K.S.A. 1993 Supp. 21-4704(g), however, indicates that presumed imprisonment applies to an offense of aggravated assault of a law enforcement officer within a presumed nonimprisonment grid block, 6-H or 6-I. K.S.A. 1993 Supp. 21-4704(h) dictates that a crime committed with a firearm shall carry a presumed imprisonment sentence regardless of the grid block. Nevertheless, both statutory provisions apply to the facts of this case. The language in each provision changes the status of a sentence from presumed nonimprisonment to presumed imprisonment. A nonimprisonment sentence can be ordered based upon community safety interests and offender reformation.

K.S.A. 1993 Supp. 21-4704 directs:

"(g) The sentence for the violation of K.S.A. 21-3411, aggravated assault against a law enforcement officer or K.S.A. 21-3415, aggravated battery against a law enforcement officer and amendments thereto which places the defendant's sentence in grid block 6-H or 6-I shall be presumed imprisonment. The court may impose an optional nonprison sentence upon making a finding on the record that the nonprison sanction will serve community safety interests by promoting offender reformation. Any decision made by the court regarding the imposition of the optional nonprison sentence, if the offense is classified in grid block 6-H or 6-I, shall not be considered departure and shall not be subject to appeal.

"(h) When a firearm is used to commit a violation of K.S.A. 21-3410, aggravated assault, or K.S.A. 21-3414, aggravated battery, and amendments thereto, the offender's sentence shall be presumed imprisonment. The court may impose an optional nonprison sentence upon making a finding on the record that the nonprison sanction will serve community safety interests by promoting offender reformation. Any decision made by the court regarding the imposition of the optional nonprison sentence, if the offense is classified in grid block 7-C, 7-D, 7-E, 7-F, 7-G, 7-H, 7-I, 8-C, 8-D, 8-E, 8-F, 8-G, 8-H, or 8-I, shall not be considered a departure and shall not be subject to appeal."

Sidders committed a crime that would have fallen into a presumptive nonimprisonment grid block. His sentence, however, would have been presumptive imprisonment due to the operation of both K.S.A. 1993 Supp. 21-4704(g) and K.S.A. 1993 Supp. 21-4704(h). The issue for our determination is whether we apply the directive of K.S.A. 1993 Supp. 21-4724 or read into its provisions the language of 21-4704(g) and (h).

The fundamental rule of statutory construction is that the intent of the legislature controls when that intent is evident. *City of*

*Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993). This court is bound to give effect to legislative intent that is expressed in the plain meaning of the statute as written. See *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992). The plain language of K.S.A. 1993 Supp. 21-4724(b)(1) fails to specifically address the conversion status of individuals who forfeit their presumptive nonimprisonment classification by using a firearm or committing an aggravated act against a law enforcement officer. Additional rules of statutory construction must be applied in resolving this dilemma.

One relevant rule is that criminal statutes are construed strictly against the State. See *State v. JC Sports Bar, Inc.*, 253 Kan. 815, 818, 861 P.2d 1334 (1993). This rule of strict construction against the State, however, is subordinate to the judiciary's duty to follow the intent and design of the legislature. *State v. Schlein*, 253 Kan. 205, 215, 854 P.2d 296 (1993).

The Kansas Supreme Court applied rules of statutory construction to the guidelines in *State v. Gonzales*, 255 Kan. 243, 874 P.2d 612 (1994). In *Gonzales*, the court noted that the several provisions of an act must be construed together and reconciled in order to make them harmonious. A statute should be construed according to the spirit and purpose of the law and reasoning behind its creation. 255 Kan. at 249. In *Gonzales*, the court looked to the circumstances surrounding enactment of the KSGA and the purpose to be served by the legislation. The KSGA was stated to be the product of the legislature's desire to standardize sentencing and reduce the prison population by granting nonprison sanctions or shorter sentences to less serious offenders. 255 Kan. at 249.

When we review the statutory language, consider the purposes behind the KSGA, and examine the differences in the statutory provisions, we conclude Sidders' sentence should have been converted.

First, the KSGA states that conversion shall apply to sentences of "persons who committed crimes which would be classified in a presumptive nonimprisonment grid block." K.S.A. 1993 Supp. 21-4724(b)(1). Sidders was classified in a presumptive nonimpri-

sonment grid block. Operation of K.S.A. 1993 Supp. 21-4704(g) and (h) changed Sidders' sentence to presumed imprisonment, but his applicable grid block remained within the presumed non-imprisonment area of the grid. There is not any language within K.S.A. 1993 Supp. 21-4704(g) or (h) which dictates that an individual is ineligible for conversion.

Second, K.S.A. 1993 Supp. 21-4704(b)(1) mandates that retroactive conversion apply to individuals who are classified within "border boxes." A border box classification means the grid block is neither a presumed imprisonment box nor a presumed non-imprisonment box. The trial court may impose a nonimprisonment sentence if it finds that a reasonably available treatment program would be more appropriate than prison or nonimprisonment would serve community interests and promote offender reformation. K.S.A. 1993 Supp. 21-4704(f)(1)-(3). A decision to impose a nonimprisonment sentence for a border box crime is not appealable. K.S.A. 1993 Supp. 21-4704(f). A crime committed prior to July 1, 1993, within a border box classification would, under the KSGA, be a crime of imprisonment absent the appropriate findings by a court. Nevertheless, K.S.A. 1993 Supp. 21-4724(b)(1) requires that a sentence within a border box be converted.

The wording and directives of K.S.A. 1993 Supp. 21-4704(g) and (h) are analogous to those applicable to border box crimes. An imprisonment sentence may be changed to nonimprisonment status upon the same findings of community safety and offender reformation applicable to a border box crime. As with a border box classification, the decision to impose a nonimprisonment sentence is not appealable. See, e.g., K.S.A. 1993 Supp. 21-4704(h).

Application of K.S.A. 1993 Supp. 21-4704(g) and (h) changed the presumed nonimprisonment classification of appellant's sentence to one that paralleled a border box classification. K.S.A. 1993 Supp. 21-4724(b)(1) clearly demonstrates that the legislature intended border box sentences be converted under the retroactivity provisions of the guidelines. We should reach the same result in either instance.

The legislature obviously considered the use of a firearm in the commission of a crime and an aggravated attack of a law en-

forcement officer to be deserving of special attention when sentencing. This consideration is reflected in the dispositional treatment found within K.S.A. 1993 Supp. 21-4704. The legislature did not, however, remove such crimes from placement in grid boxes that warrant retroactive sentence conversion. A reasonable construction and harmonious reading of the relevant KSGA provisions indicate the trial court was required to convert Sidders' sentence pursuant to K.S.A. 1993 Supp. 21-4724(b)(1). Absent specific statutory direction to the contrary, K.S.A. 1993 Supp. 21-4704(g) and (h) do not preclude conversion of a 6-I sentence classification under K.S.A. 1993 Supp. 21-4724(b)(1).

Reversed and remanded for a conversion hearing consistent with this opinion.