(898 P.2d 1179)
No. 71,826

STATE OF KANSAS, *Appellee*, v. MICHAEL ATKINSON, *Appellant*.

Opinion filed June 30, 1995.

*Thomas Jacquinot*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Scott M. Schultz*, assistant county attorney, *John P. Wheeler, Jr.*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before LEWIS, P.J., ROYSE, J., and BARRY A. BENNINGTON, District Judge, assigned.

LEWIS, J.: Defendant was originally charged with aggravated indecent liberties with a child. After plea negotiations had been undertaken, he entered an *Alford* plea to a charge of indecent liberties with a child. At the time of sentencing, the State moved for a departure regarding postrelease supervision. Defendant's counsel argued he did not receive adequate notice of the State's intent to ask for a departure. The trial court then granted defendant's counsel a continuance. Approximately nine days later, the trial court reconvened the sentencing session and imposed a sentence of 60 months' postrelease supervision. Defendant appeals from the sentence imposed.

We affirm.

In departing from the designated postrelease sentence, the trial court indicated: "Crime was a sexually violent crime. No programs immediately available to address his sexual offender problems. Victim was in no way a party to the crime."

## THE DEPARTURE SENTENCE

On appeal, defendant challenges the sentence imposed. He argues the trial court did not find substantial and compelling reasons to impose a departure sentence. We disagree.

This case is controlled by the express terms of K.S.A. 1993 Supp. 22-3717, which provides in pertinent part:

"(d) (1) Persons sentenced for crimes committed on or after July 1, 1993, will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence as follows:

(A) Except as provided in subparagraph (C), persons sentenced for nondrug severity level 1 through 6 crimes and drug severity levels 1 through 3 must serve 24 months, plus the amount of good time earned and retained pursuant to K.S.A. 1993 Supp. 21-4722, on postrelease supervision;

(B) except as provided in subparagraph (C), persons sentenced for nondrug severity level 7 through 10 crimes and drug severity level 4 must serve 12 months, plus the amount of good time earned and retained pursuant to K.S.A. 1993 Supp. 21-4722, on postrelease supervision;

(C)(i) *The sentencing judge shall impose the presumptive postrelease supervision period provided in subparagraph (d)(1)(A) or (d)(2)(B), unless the judge finds substantial and compelling reasons to impose a departure.* **A departure may be imposed on the postrelease supervision for a period of up to 60 months based upon a finding that the current crime of conviction was sexually violent or sexually motivated.**

(ii) If the sentencing judge departs from the presumptive postrelease supervision period, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure. *Departures in this section are subject to appeal pursuant to K.S.A. 1993 Supp. 21-4721.*

(iii) In determining whether substantial and compelling reasons exist, the court shall consider:

(a) Written briefs or oral arguments submitted by either the defendant or the state;

(b) any evidence received during the proceeding;

(c) the presentence report, the victim's impact statement and any psychological evaluation as ordered by the court pursuant to subsection (e) of K.S.A. 1993 Supp. 21-4714; and

(d) any other evidence the court finds trustworthy and reliable.

(iv) The sentencing judge may order that a psychological evaluation be prepared and the recommended programming be completed by the offender. The department of corrections or the parole board shall ensure that court ordered sex offender treatment be carried out.

(v) In carrying out the provisions of subparagraph (d)(1)(C), the court shall refer to K.S.A. 1993 Supp. 21-4718.

(vi) Upon petition, the parole board may provide for early discharge from the postrelease supervision period upon completion of court ordered programs and completion of the presumptive postrelease supervision period, as determined by the crime of conviction, pursuant to subparagraph (d)(1)(A) or (B). Early discharge from postrelease supervision is at the discretion of the parole board.

(vii) Persons convicted of crimes deemed sexually violent or sexually motivated, shall be registered according to the habitual sex offender registration act, K.S.A. 1993 Supp. 22-4901 through 22-4910 and amendments thereto; and

(D) in cases where sentences for crimes from more than one severity level have been imposed, the highest severity level offense will dictate the period of postrelease supervision. Supervision periods will not aggregate.

(2) As used in this section, '*sexually violent crime*' means:

(A) Rape, K.S.A. 21-3502, and amendments thereto;

(B) *indecent liberties with a child*, K.S.A. 21-3503, and amendments thereto;

(C) aggravated indecent liberties with a child, K.S.A. 21-3504, and amendments thereto." (Emphasis added.)

We would agree that in most instances there must exist substantial and compelling reasons to justify departing from the sentence provided by the Kansas Sentencing Guidelines Act. See *State v. Richardson*, 20 Kan. App. 2d 932, 901 P.2d 1 (1995). However, in this case, the legislature has made the nature of the crime itself a substantial and compelling reason to depart.

Defendant was convicted of indecent liberties with a child. Under K.S.A. 1993 Supp. 22-3717(d)(2)(B), indecent liberties with a child is defined as a sexually violent crime. Subsection (d)(1)(C)(i) of the same statute provides: "A departure may be imposed on the postrelease supervision for a period of up to 60 months *based upon a finding that the current crime of conviction was sexually violent or sexually motivated.*" (Emphasis added.)

Defendant suggests that under the statute the trial court must make a finding of substantial and compelling reasons for departure in addition to finding that the crime was sexually violent. We do not agree.

This issue requires us to construe the statute in question. "Interpretation of a statute is a question of law, and appellate court review is therefore de novo." *State v. Williams*, 19 Kan. App. 2d 903, Syl. ¶ 2, 878 P.2d 854 (1994). "An appellate court must give effect to the plain meaning of a statute as written, rather than attempt to determine what the law should or should not be." 19 Kan. App. 2d 903, Syl. ¶ 3; see *State v. Gonzales*, 255 Kan. 243, Syl. ¶¶ 2-4, 874 P.2d 612 (1994).

As we read the statute, it is clear and unambiguous and requires no interpretation. The legislature has decreed that a departure may be justified on the finding that the current crime is a "sexually violent" crime. Indecent liberties with a child is specifically defined as such a crime and, under the statute, the trial court has only to find that the crime was sexually violent or sexually motivated in order to justify departing and imposing the sentence in question. The statute does not require the finding of other aggravating factors.

The result is not, however, automatic. The statute merely provides that the trial court *may* impose the sentence in question if the crime was sexually violent. The use of the term "may" implies discretion and requires a hearing. Once it is shown that the crime was sexually violent or sexually motivated, a departure may take place but will take place *only* if the trial court in its discretion decides to depart.

We hold that based on the provisions of K.S.A. 1993 Supp. 22-3717, a trial court is justified in imposing a sentence of 60 months' postrelease supervision if it finds defendant has been convicted of a sexually violent or sexually motivated crime. That finding alone is sufficient to justify a departure. Under the statute, the trial court is not required to find additional aggravating factors in order to justify its decision to depart.

In closing, we note that the statute was amended in 1994 and does not read exactly as set forth in this opinion. The 1994 version has no application to this case and would not, in our opinion, require a result different from the one reached in this opinion.

## ADEQUATE NOTICE

Defendant argues that the notice delivered to defense counsel

the day before the sentencing hearing of the State's intent to depart was inadequate. We note that defense counsel did not object to the notice he actually received, and, as a result, the issue was not preserved for appeal. "A defendant cannot raise points on appeal which were not presented to the trial court." *State v. Johnson*, 253 Kan. 75, 91, 853 P.2d 34 (1993).

In addition, the trial court granted defense counsel a continuance to prepare for the departure hearing. As we read the record, the continuance was one of approximately nine days. This was an adequate time to give defense counsel an opportunity to prepare and present arguments against the State's motion for departure.

Defendant's issue concerning adequate time to prepare for the departure hearing is without merit.

Affirmed.