(898 P.2d 1175)
No. 73,017

STATE OF KANSAS, *Appellee*, v. RONALD E. HACKLER, *Appellant*.

Opinion filed June 30, 1995.

*Elizabeth Seale Cateforis,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Jennifer M. Wieland,* assistant county attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before RULON, P.J., LARSON, J., and TOM MALONE, District Judge, assigned.

MALONE, J.: Ronald E. Hackler, defendant, appeals the district court's denial of his motion to convert his sentence under the Kansas Sentencing Guidelines Act (KSGA). The issue before us is whether inmates with crimes classified in grid blocks 3-H or 3-I of the drug grid are always eligible for conversion.

The facts of this case are not in dispute. Following a bench trial on stipulated facts, the defendant was found guilty of possession of marijuana with intent to sell, a class C felony, and possession of marijuana without a tax stamp, an unclassified felony. The defendant possessed 21,772 grams or approximately 47 pounds of marijuana. On March 1, 1993, the district court sentenced the defendant to a controlling term of 3-10 years.

On April 13, 1994, the defendant filed a pro se motion seeking to convert his sentence under the retroactivity provision of the KSGA. The defendant's primary crime is classified in grid block 3-I of the drug grid. The defendant argued that inmates with crimes classified in grid block 3-H or 3-I of the drug grid are always eligible for sentence conversion. The State argued that these inmates are eligible for conversion only if the "small amounts exception" for marijuana pursuant to K.S.A. 1994 Supp. 21-4705(c) is met. On July 20, 1994, the district court found that because the defendant possessed more than 500 grams of marijuana, he was not eligible for conversion. The defendant then perfected this appeal.

This is a matter of first impression in Kansas, and our standard of review is clear. A question of statutory interpretation is a question of law, and this court's scope of review on a question of law is

unlimited. *State v. Williams*, 19 Kan. App. 2d 903, 904, 878 P.2d 854 (1994).

Whether an inmate's sentence is eligible for conversion under the sentencing guidelines is controlled by K.S.A. 1994 Supp. 21-4724(b)(1), which states:

"Except as provided in subsection (d), persons who committed crimes which would be classified in a presumptive nonimprisonment grid block on either sentencing grid, in grid blocks 5-H, 5-I or 6-G of the nondrug grid or in grid blocks 3-H or 3-I of the drug grid, *pursuant to the provisions of subsection (c) of K.S.A. 1994 Supp. 21-4705 and amendments thereto*, if sentenced pursuant to the Kansas sentencing guidelines act, and were sentenced prior to July 1, 1993, shall have their sentences modified according to the provisions specified in the Kansas sentencing guidelines act." (Emphasis added.)

In this case, the defendant's primary crime is classified in grid block 3-I of the drug grid. The sentence for a crime which is classified in grid block 3-H or 3-I of the drug grid is presumptive imprisonment. However, K.S.A. 1994 Supp. 21-4705(c) provides an exception, known as the "small amounts exception," for those convicted of possessing or selling an amount of marijuana which does not exceed 500 grams or 25 plants. This exception allows a sentencing court to impose an optional nonprison disposition for crimes classified in grid blocks 3-H or 3-I if the sentencing judge is able to make certain findings required by the statute. Such a sentence does not constitute a departure.

At issue in this case is the construction of the language "pursuant to the provisions of subsection (c) of K.S.A. 1994 Supp. 21-4705 and amendments thereto" in subsection (b)(1) of the conversion statute, K.S.A. 1994 Supp. 21-4724. An examination of the legislative history of this statute is necessary. The Kansas Sentencing Guidelines Act was enacted by the Kansas Legislature in 1992 but did not become effective until July 1, 1993. In 1993, the Kansas Legislature adopted many amendments to this legislation before the act became effective. One such amendment is the language in question in the conversion statute. When 21-4724(b)(1) was first enacted in 1992, it did not include the language in question. See L. 1992, ch. 239, § 24. In 1993, the Kansas Legislature amended the statute, specifically adding the language under consideration.

L. 1993, ch. 291, § 268. We have been unable to locate any indication of the legislative intent of this amendment except the language of the statute.

"The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute, even though words, phrases, or clauses at some place in the statute must be omitted or inserted." *State v. Gonzales*, 255 Kan. 243, Syl. ¶ 2, 874 P.2d 612 (1994). " 'There is a presumption that the legislature does not intend to enact useless or meaningless legislation.' " *Todd v. Kelly*, 251 Kan. 512, 515, 837 P.2d 381 (1992) (quoting *City of Olathe v. Board of Zoning Appeals*, 10 Kan. App. 2d 218, 221, 696 P.2d 409 [1985]). "In determining the legislative intent for the purpose of statutory construction, the historical background and changes made in a statute are to be considered by the court; any changes and additions made in existing legislation raises a presumption that a change in meaning and effect was intended." *State v. Dubish*, 234 Kan. 708, 713, 675 P.2d 877 (1984).

"When determining whether a statute is open to construction, or in construing a statute, ordinary words are to be given their ordinary meaning and courts are not justified in disregarding the unambiguous meaning. Even a penal statute subject to strict construction should not be read so as to add that which is not readily found therein, or to read out what, as a matter of ordinary language, is in it." *Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, Syl. ¶ 7, 834 P.2d 368 (1992).

The defendant argues that the reference to the "small amounts exception" in the conversion statute at K.S.A. 1994 Supp. 21-4724(b)(1) only means that an inmate is not entitled to probation unless the exception is met. The defendant, however, argues that an inmate is entitled to have the *length* of his or her sentence converted any time the inmate's crime is classified within the 3-H or 3-I grid blocks.

K.S.A. 1994 Supp. 21-4724(b)(1) specifies that an inmate's sentence is eligible for conversion if his or her crime is classified in grid blocks 3-H or 3-I of the drug grid, "pursuant to the provisions of subsection (c) of K.S.A. 1994 Supp. 21-4705 and amendments thereto." If the legislature had intended sentences within grid blocks 3-H or 3-I of the drug grid always to be eligible for conver-

sion, there was no reason for it to include the additional language about the "small amounts exception" in the conversion statute. The statute as enacted in 1992 clearly stated that sentences within grid blocks 3-H or 3-I were always eligible for conversion. The amendment in the legislation raises a presumption that a change in meaning and effect was intended. To adopt the defendant's argument renders meaningless the additional language in the statute.

Sentencing of defendants under grid blocks 3-H and 3-I of the drug grid parallels sentencing of defendants under grid blocks 5-H, 5-I, or 6-G of the nondrug grid, known as "border boxes." Both situations are presumptive imprisonment, but the court may impose an optional nonprison sentence in each situation. A defendant under the border boxes can receive a nonprison sentence without a departure if the sentencing court makes the findings required by K.S.A. 1994 Supp. 21-4704(f). A defendant whose crime falls into grid blocks 3-H or 3-I of the drug grid can receive a nonprison sentence without a departure if the defendant meets the "small amounts exception" for marijuana pursuant to K.S.A. 1994 Supp. 21-4705(c) and the court further makes the findings required by the statute.

The findings a court must make to impose a nonprison sentence under K.S.A. 1994 Supp. 21-4704(f) are identical to the findings a court must make to impose a nonprison sentence under K.S.A. 1994 Supp. 21-4705(c). K.S.A. 1994 Supp. 21-4724(b)(1) contains no reference to the requirements for imposing a nonprison sanction under border boxes, but the statute, as amended in 1993, specifically refers to the requirements for imposing a nonprison sanction under grid blocks 3-H or 3-I of the drug grid. Arguably, there must be some reason for this distinctive treatment. We conclude that the most logical explanation for the 1993 amendment is that the legislature intended that inmates whose crimes fall into the border boxes are always eligible for sentence conversion, whereas inmates whose crimes fall into grid blocks 3-H or 3-I of the drug grid are eligible for sentence conversion only if the exception at K.S.A. 1994 Supp. 21-4705(c) applies.

The KSGA reflects an entire legislative scheme in which drug offenses are treated differently from nondrug offenses. All felonies

are classified as either drug offenses or nondrug offenses, and drug offenses are sentenced under an entirely separate grid from non-drug offenses. Accordingly, we conclude that the legislature intended conversion for crimes in grid blocks 3-H or 3-I of the drug grid to be treated differently from conversion for crimes in the border boxes of the nondrug grid.

The defendant argues that our recent decision in *State v. Sidders*, 20 Kan. App. 2d 405, 888 P.2d 409, *rev. denied* 257 Kan. 1096 (1995), supports his position in this case. In *Sidders*, the defendant was convicted of aggravated assault of a law enforcement officer and a firearm was used to commit the crime. The defendant was sentenced to a controlling term of 3-10 years and incarcerated. When the sentencing guidelines were adopted, Sidders moved for conversion of his sentence. Sidders' crime was classified in grid block 6-I of the nondrug grid, which is a *presumptive nonimprisonment grid block*. The district court refused to convert, relying upon K.S.A. 1994 Supp. 21-4704(g) and (h). These subsections provide that the sentence for aggravated assault of a law enforcement officer or any felony committed with a firearm shall be presumptive imprisonment. This court reversed, holding that even though the sentence for Sidders' crime required presumptive imprisonment because of the provisions of K.S.A. 1993 Supp. 21-4704(g) and (h), the crime was still classified in grid block 6-I of the nondrug grid, which is a presumptive nonimprisonment grid block. K.S.A. 1994 Supp. 21-4724(b)(1) states that an inmate whose crime is "classified in a presumptive nonimprisonment grid block on either sentencing grid" shall be eligible for conversion. Consequently, under the express language of the statute, Sidders was eligible for conversion.

*Sidders* stands for the proposition that even if an inmate's crime is presumptive imprisonment, the inmate is still eligible for sentence conversion if mandated by K.S.A. 1994 Supp. 21-4724(b)(1). However, the defendant in the present case is not in the same position as Sidders. In the present case, the defendant's crime is not classified in a presumptive nonimprisonment grid block. Whether the defendant in the present case is eligible for conver-

sion depends on whether he qualifies under some other provision of the conversion statute.

One of the purposes of the sentencing guidelines is to relieve the overcrowded prison system, and the conversion statute should be construed with this legislative intent in mind. See *State v. Gonzales*, 255 Kan. at 249. However, "[t]his court is bound to give effect to legislative intent that is expressed in the plain meaning of the statute as written." *State v. Sidders*, 20 Kan. App. 2d at 408. Also, " '[i]t is presumed the legislature understood the meaning of the words it used and intended to use them.' " *Boatright v. Kansas Racing Comm'n*, 251 Kan. at 245 (quoting *Rogers v. Shanahan*, 221 Kan. 221, 223-24, 565 P.2d 1384 [1976]). Although K.S.A. 1994 Supp. 21-4724(b)(1) is not a model of clarity, we do not conclude its provisions to be ambiguous. According to this statute, an inmate is eligible for sentence conversion if the crime would be classified in one of three situations, to-wit: (1) in a presumptive nonimprisonment grid block on either sentencing grid, (2) in grid blocks 5-H, 5-I, or 6-G of the nondrug grid (border boxes), or (3) in grid blocks 3-H or 3-I of the drug grid pursuant to K.S.A. 1994 Supp. 21-4705(c). For the reasons we have expressed, we conclude that the legislature intended that in order to be eligible for sentence conversion in grid blocks 3-H or 3-I of the drug grid, an inmate's crime must satisfy the "small amounts exception" for marijuana pursuant to K.S.A. 1994 Supp. 21-4705(c). Therefore, the district court was correct in refusing to convert the defendant's sentence in this case.

Affirmed.