NOT DESIGNATED FOR PUBLICATION

No. 116,389

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERIC ERNESTO LOPEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed September 15, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., STANDRIDGE, J., and WALKER, S.J.

PER CURIAM: The district court imposed a downward departure sentence of 12 months' incarceration with 12 months' postrelease supervision for Eric Ernesto Lopez' convictions for possession of methamphetamine and possession of marijuana after a prior conviction. In this appeal Lopez contends that the district court abused its discretion in denying his motion for a more substantial departure.

Lopez pled guilty to these crimes. During his 24 years he had accumulated a criminal history score of A, with 20 prior entries in his criminal history, including 3 person felonies. With this criminal history and the severity of his crimes, the sentencing

1

guidelines' presumptive prison sentence for his methamphetamine conviction was between 37 and 42 months. The presumptive sentence for his marijuana conviction was between 10 and 12 months with presumptive probation.

As part of the plea agreement, the State joined with Lopez in requesting a downward durational departure sentence from 37 months to 12 months. For support, the State cited Lopez' cooperation with law enforcement, his acceptance of responsibility, and the amount of controlled substance he possessed.

Before sentencing, Lopez moved for a further departure to probation or, at most, incarceration for six months. He argued that his youth explained his prior bad behavior and he could be better rehabilitated by community substance abuse programs.

The district court denied Lopez' motion for a more extensive departure, citing Lopez' violations of probation orders in other cases, his failure to seek out drug treatment in the past, and his admission to the court that he was spiraling out of control. Instead, the court imposed the originally proposed departure sentence of 12 months' incarceration with 12 months' postrelease supervision.

Lopez appeals. He claims the district court abused its discretion in denying his motion for a more substantial downward departure based on his youth and willingness to accept responsibility for his actions.

A defendant may appeal the grant of a downward departure that is less than or different than requested. *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014). In considering such an appeal, we apply the abuse of discretion review standard. *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011). An abuse of the trial court's discretion occurs when its action is based on an error of law or fact or when no reasonable person would have taken the view it adopted. *State v. Ward*, 292 Kan. 541,

2

550, 256 P.3d 801 (2011). Here, Lopez bears the burden of showing that the district court's action was an abuse of discretion. See *State v. Hulett*, 293 Kan. 312, 319, 263 P.3d 153 (2011). In applying this review standard we consider whether the district court's departure sentence "is consistent with the purposes of the guidelines and proportionate to the crime severity and the defendant's criminal history." *Spencer*, 291 Kan. at 808. The purposes of the Kansas Sentencing Guidelines are to reduce prison overcrowding while protecting the public and to standardize sentencing in order to avoid any bias. *State v. Gonzales*, 255 Kan. 243, 249, 874 P.2d 612 (1994).

Lopez asserts that the district court's denial of his departure motion is not consistent with the purpose of the guidelines. He cites the provisions of the guidelines that require the sentencing court to deal with each defendant in accordance with the defendant's individual characteristics, circumstances, needs, and potentialities and impose a sentence that ensures that dangerous offenders are "correctively treated in custody for long terms," but "that other offenders shall be dealt with by probation." But the guidelines further admonish that probation is not appropriate if it would be "detrimental to the needs of public safety and the welfare of the offender." K.S.A. 2016 Supp. 21-6601.

In support of his departure motion, Lopez argued to the district court his youth, his willingness to accept responsibility for the offenses, and the inability of the penal system to rehabilitate his drug habits. He asserts on appeal that these factors indicate that it was "arguably better for the community for the defendant to seek help and treatment through available services outside of incarceration, rather than no help and no treatment while in prison."

But the district court weighed these factors and found them insufficient to overcome the factors weighing against probation, such as Lopez' extensive criminal history, his history of drug use, his inability to comply with probation orders, his failure to get help when given prior opportunities, and his admission to the court that he was

3

spiraling out of control. Lopez did not offer any real proof that outside services would be more beneficial to his rehabilitation than prison. In making the decision to deny Lopez' motion, the court fully considered Lopez' needs and circumstances and stated:

> "[D]on't think for a second that I am just throwing you away, or just punishing you, or that sort of thing. I think this is the best thing for you. You are young. You still have a chance to make some changes . . . . You are important. I think [the 12-month prison sentence is] what you need to try to get your attention at a young age while you still could make some good choices. . . . [Y]ou need something bigger than probation . . . . You got to understand you have got to change your course."

We find no abuse of the district court's discretion in denying Lopez' motion for a further departure to probation.

Affirmed.