NOT DESIGNATED FOR PUBLICATION

No. 119,574

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNETH DAVID MCNELLY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed November 27, 2019. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant, and *Kenneth David McNelly*, appellant pro se.

*Anna M. Jumpponen*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE and POWELL, JJ.

PER CURIAM: Kenneth David McNelly appeals the denial of his motion to correct an illegal sentence raising four new arguments concerning his resentencing hearing. We affirm.

A jury found McNelly guilty of eight counts of rape, one count of aggravated criminal sodomy, and one count of aggravated indecent liberties with a child. The crimes

1

were committed between January 1, 1997, and August 1, 1998. Prior to sentencing, the State moved for an upward durational departure, but the court denied the motion. The court then sentenced McNelly to consecutive prison sentences of 194 months for each rape count, 146 months for aggravated criminal sodomy, and 49 months for aggravated indecent liberties with a child.

Because McNelly takes issue with how the court issued the sentences, the full text is here:

"THE COURT: . . . on Count 1, *primary* offense of rape, felony against a person, Severity Level of 1, a Criminal History Score of I, the court sentences you to 194 months. On the additional count of rape, the court sentences you to 194 months. On the additional count of rape, the court sentences you to 194 months. On the additional count of rape, the court sentences you to 194 months. On the additional count of rape, the court sentences you to 194 months. On the additional count of rape, the court sentences you to 194 months. On the additional count of rape, the court sentences you to 194 months. On the additional count of rape, the court sentences you to 194 months. On the additional count of aggravated criminal sodomy, a felony against a person, a Severity Level of 2, a Criminal History Score of [I], the court sentences you to 146 months. And on the additional count of aggravated indecent liberties with a child, the court—which is a felony against a person, Severity Level of 3, a Criminal History Score of I, the court sentences you to 49 months.

". . . [A]ll of those counts will run consecutively, giving you—the way I read it, . . . having chose[n] the *base* sentence of 194 months, the maximum sentence would be for all of that 388 months. Am I wrong in my calculations there? Be somewhere between 388 to 412 months. It cannot [exceed] that, regardless of how much is done.

"[PROSECUTOR]: That is correct, Judge. It cannot [exceed] 412 months, but the court could impose consecutive sentences up to that amount without—

"THE COURT: Up to that amount. The court so imposes then consecutive sentences that will not [exceed] 412 months. [E]ffectively giving you, Mr. McNelly, a sentence of—34 years and three months.

2

". . . Your post-release supervision, as already previously mentioned, will be the maximum allowed for a sexually motivated crime, which is five years pursuant to K.S.A. 22-3717(d)(1)(C)(i) pursuant to the K.S.A. 1993 supplement." (Emphases added.)

The sentence of 194 months was the standard presumptive sentence for rape. The court's journal entry reiterated that all counts were consecutive, McNelly's total prison sentence was 412 months, and his postrelease supervision term was 60 months.

Shortly thereafter, the Department of Corrections sent a letter to the sentencing court with copies to the parties inquiring whether the court had intended to sentence McNelly to 412 months given that K.S.A. 1996 Supp. 21-4720(b)(4) capped an offender's total controlling sentence at twice his or her base sentence.

In 2002, McNelly's convictions were affirmed on appeal and became final. *State v. McNelly*, No. 84,552, unpublished opinion filed January 11, 2002 (Kan. App.).

Without counsel, McNelly moved to correct an illegal sentence contending, among other things, that his controlling sentence did not comply with K.S.A. 1996 Supp. 21-4720(b)(4) because it exceeded twice his base sentence. The court denied McNelly's motion, ruling that the motion raised trial errors that should have been brought on direct appeal. On appeal, this court issued an order reversing the district court. It ruled that the district court "sentenced McNelly to a base sentence of 194 months and a controlling sentence of 412 months." But because K.S.A. 1996 Supp. 21-4720(b)(4) limited an offender's controlling sentence to no more than twice the base sentence, this court vacated McNelly's sentence and remanded the case to the district court "with directions to resentence him in accordance with K.S.A. [1996] Supp. 21-4720(b)(4)."

In 2008, the resentencing court recognized that the case was "only before the Court this morning because the Court of Appeals sent it back to the Court for

3

resentencing because at the time of your sentencing you were sentenced to a term greater than twice the base sentence." The court sentenced McNelly as before, except it capped his total sentence at 388 months instead of 412 months. The court also ordered that McNelly receive credit against his sentence for all the time he had already served in custody.

McNelly appealed the resentencing contending the district court erred by not addressing the trial errors he raised during allocution at resentencing. This court found no error and affirmed. *State v. McNelly*, No. 101,221, 2010 WL 1253624, at *2-3 (Kan. App. 2010) (unpublished opinion).

In 2015, McNelly filed another motion to correct an illegal sentence. The district court denied the motion because it actually raised issues that should have been brought on direct appeal. This court issued an order affirming the district court.

In 2017, McNelly, through counsel, filed the motion to correct an illegal sentence that is the subject of this appeal. The district court held a hearing on the motion. At the hearing, McNelly argued that the original sentencing court failed to designate a base sentence upon which to double and the resentencing court could not correct the error. The court ruled that McNelly's sentence was not an illegal sentence and denied the motion. The court found "that the mere fact the Court did not state on the record that Count 1 was the primary or base offense does not constitute an illegal sentence." McNelly moved to reconsider, which the court denied.

Interpretation of a sentencing statute is a question of law, and the standard of review is unlimited. *State v. Warren*, 307 Kan. 609, 612, 412 P.3d 993 (2018). Moreover, whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). A sentence is illegal when: "(1) it is imposed by a court without

4

jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or punishment; or (3) it is ambiguous with respect to the time and manner in which it is to be served." *State v. Hayes*, 307 Kan. 537, 538, 411 P.3d 1225 (2018). A court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 22-3504(a), as amended by L. 2019, ch. 59, § 15. A defendant may challenge a sentence even for the first time on appeal. See *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016).

Through counsel, McNelly raises a new argument on appeal. He contends that the original sentencing court "breezed through the 'additional' rape counts—without designating count for those offenses or sentences" which did not comply with K.S.A. 1996 Supp. 21-4720(b). In essence, he complains the court referred to the rape charges in counts 2-8 as "additional" counts instead of count 2, count 3, count 4, etc. He contends the resentencing court repaired the original sentence by designating the sentence for each individual rape count, but that was beyond the scope of this court's mandate. He contends the resentencing court made presumptions about the intent of the original sentencing court. He wants his total sentence limited to 194 months because it was "the only sentence set out by the original sentencing court by its individual count."

The State correctly responds that the "resentencing court's failure to mimic the informality of the original sentencing court does not amount to an illegal sentence." There was no ambiguity in the original sentence imposed.

McNelly does not point to any language in K.S.A. 1996 Supp. 21-4720(b) that prohibits the approach used by the original sentencing court with regard to the seven additional counts of rape. The court stated explicitly that "Count 1"—rape— was the "primary" crime and that the "base sentence" was 194 months, in compliance with K.S.A. 1996 Supp. 21-4720(b)(2) ("The sentencing judge must establish a base sentence for the primary crime."). The court stated that all of the counts of rape were

severity level one person felonies with a sentencing range of 184 to 206 months. The court imposed the same sentence of 194 months for each additional count of rape. There was no ambiguity in what sentence was imposed for each separate count. The court explicitly stated that "all of those counts will run consecutively" in compliance with K.S.A. 1996 Supp. 21-4720(b) ("The sentencing judge shall state on the record if the sentence is to be served concurrently or consecutively."). The resentencing court did not have to make any presumptions about the intent of the sentencing court.

McNelly also makes three pro se arguments on appeal. His first argument assumes that the original sentencing court granted the State's request for a 218-month departure over the 194-month presumptive sentence to arrive at the 412-month sentence. He argues the resentencing court was without jurisdiction to alter the base presumptive sentence through a departure, modification, or otherwise.

But the original sentencing court did not grant a departure to arrive at the 412-month sentence. The court specifically denied the State's request for an upward departure. Rather, the court sentenced McNelly to consecutive sentences on 10 counts that would have added up to 1,747 months' imprisonment. Under K.S.A. 1996 Supp. 21-4720(b)(4), the court was required to cap McNelly's total sentence at twice his base sentence. Here, that was 388 months rather than the 412 months imposed. The resentencing court did not alter the base presumptive sentence—the resentencing court imposed the same 194-month presumptive sentence for the base sentence—the court only corrected the original sentencing court's mathematical error in arriving at the total sentence.

McNelly next argues that both sentencing courts imposed a 60-month postrelease supervision term without stating substantial and compelling reasons on the record for a departure as required by K.S.A. 1996 Supp. 21-4716(a).

The original sentencing court recognized that McNelly's crimes were subject to a 36-month postrelease supervision term but the court decided to "exercise its option and order a post-release supervision [term] according to statute, since it's a sexually motivated crime, of 60 months." The resentencing court ordered that McNelly be subject to "previous orders of the sentence, which did include post-release supervision in the amount of 60 months."

The statute McNelly cites—K.S.A. 1996 Supp. 21-4716(a)—does not support his argument because it does not mention postrelease supervision. But he is correct that the district court imposed a departure to arrive at a 60-month postrelease supervision term under K.S.A. 1996 Supp. 22-3717(d)(1). The statute permits a court to impose a longer postrelease supervision period:

"(C)(i) The sentencing judge shall impose the postrelease supervision period [of 36 months], unless the judge finds substantial and compelling reasons to impose a departure based upon a finding that the current crime of conviction was sexually violent or sexually motivated. In that event, departure may be imposed to extend the postrelease supervision to a period of up to 60 months.

"(ii) If the sentencing judge departs from the presumptive postrelease supervision period, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure. Departures in this section are subject to appeal pursuant to K.S.A. 21-4721 and amendments thereto."

Under that statute, if the court found the crime was sexually violent or sexually motivated, no other aggravating factors needed to be cited or found by the district court to impose a departure sentence of up to 60 months' postrelease supervision. *State v. Anthony*, 273 Kan. 726, 729, 45 P.3d 852 (2002); *State v. Atkinson*, 21 Kan. App. 2d 276, Syl. ¶ 3, 898 P.2d 1179 (1995).

Here, the sentencing court made the finding that McNelly's crime was sexually motivated. The court did not need to make additional findings.

McNelly finally argues the journal entry only granted him 123 days of jail credit from 1999 to 2008 which shorted him 4 months' credit.

The journal entry granted McNelly "123 DAYS JAIL TIME CREDIT" and "ALL JAIL TIME CREDIT FROM 12-6-99 TO 4-7-08 TO [BE] AWARDED BY THE DEPARTMENT OF CORRECTIONS." He was awarded 123 days of jail time credit at his original sentencing. His original sentencing date was December 6, 1999. His resentencing date was April 7, 2008.

It is unclear what four-month period McNelly believes is missing. He has not shown any error in the calculation of his jail credit. Moreover, a claim that the district court has awarded an insufficient amount of jail time credit does not equate to an illegal sentence. *State v. Lofton*, 272 Kan. 216, 217, 32 P.3d 711 (2001).

In sum, McNelly's arguments are without merit. The resentencing court followed this court's mandate to correct his original sentence to comply with K.S.A. 1996 Supp. 21-4720(b)(4).

Affirmed.